COOK *v.* STATE.

Opinion delivered June 25, 1917.

1. LARCENY—CONVICTION—PROOF OF ROBBERY.—Defendant may be indicted and convicted of larceny, although the proof shows the crime of robbery. (*Coon* v. *State*, 109 Ark. 346.)

2. LARCENY—MONEY—DESCRIPTION.—Proof of the stealing of paper and silver money will support a conviction under an indictment charging the stealing of gold, silver and paper money.

3. LARCENY—MONEY—PROOF OF VALUE.—Where the stealing of money is charged in an indictment it is unnecessary to prove its value. Only the stealing of so many dollars need be proved.

Appeal from Conway Circuit Court; *A. B. Priddy,* Judge; affirmed.

*Sellers & Sellers,* for appellant.

1. There was a total failure of proof as to value.

2. There was a variance in the money alleged to have been stolen and the proof.

3. The offense was not larceny, but, if anything, robbery.

4. The remarks of the prosecuting attorney were improper and prejudicial.

The indictment charges that defendant stole "thirty-one dollars, gold, silver *and* paper money of the value of thirty-one dollars."

In charging the unlawful taking of money by larceny, etc., the money need not be more particularly described "further than to allege gold, silver *or* paper." Kirby's Digest, § 1844. The kind and value must be proven. 25 Cyc. 86; 31 Am. St. 905; 9 Metc. (Mass.) 134; 86 Ark. 343; 71 Ark. 418; 80 *Id.* 495; 117 *Id.* 108.

There is a fatal variance between the indictment and proof. Wharton, Cr. Law (11 ed.), Vol. 2, § 1191, p. 1497; *Ib.* (8 ed.), § 217; *Ib.* (10 ed.), § 126; 101 Mass. 207; 9 Metc. 134.

There is no proof of larceny. If a crime at all, it was robbery. Kirby's Digest, § 2026; 2 Wharton's Cr. Law, § 854; 32 S. W. 980; 70 Am. Dec. 176-7-8; 33 Ark. 561; 43 S. E. 736; 57 L. R. A. 432; 66 S. W. 27.

The remarks of the prosecuting attorney were prejudicial, and the court erred in not directing the jury not to consider them. There is absolutely no proof as to the value of the money alleged to have been stolen. Cases *supra.* The State having alleged that gold money was stolen, must prove it. The court erred in refusing the instructions requested by defendant.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The proof of value was sufficient. It was shown to have been *money,* greenback or currency and silver. The ordinary acceptance and meaning of the words used will be attributed to the words by the courts. 34 Ark. 158; 14 Serg. & R. 51; 34 Fed. 678; 9 So. Dak. 74; 110 U. S. 421.

"Money" and "dollars" mean lawful money of the United States. 23 Fed. Cas. 179; 103 U. S. 792; 44 Ala. 661; 148 Ind. 324; 164 N. Y. 137; 20 Pac. 175.

"Greenback" means lawful currency of the United States, and hence money of standard value. "Currency" means any form of the paper money of the United States, and implies genuineness and par value. 25 Ark. 215; 83 Ala. 51; 23 Ind. 21; 64 Fed. 110; 35 Ill. 158; 8 Minn. 324; 27 Mich. 191; 110 U. S. 421; 23 La. Ann. 609. It is unnecessary to prove the value of money, as it is itself the standard of value. 1 Wharton, Cr. Law (10 ed.), § 955; 39 Ill. 233; 63 Ala. 12; 25 Cyc. 128; 120 Ga. 543; 38 Mo. 388; 21 Wis. 610; 21 Fed. Cas. No. 14705; 20 Ia. 267, etc.

2. There is no variance. The proof was that it was money. Kirby's Digest, § 1717; 71 Ark. 415. Where different articles of property alleged to have been stolen, a conviction will be sustained by proof of larceny of *any* of them of greater value than ten dollars. 80 Ark. 495; 73 *Id.* 101.

3. Every case of robbery is also a case of larceny. 49 Ark. 147; 33 *Id.* 561. Appellant can not complain of the court's leniency. 80 Ark. 495; 78 *Id.* 284.

4. The remarks of counsel were not prejudicial but harmless. 105 Ark. 467; 110 *Id.* 538; *Johnson* v. *State,* 128 Ark. 302.

SMITH, J. Appellant seeks by this appeal to reverse the judgment of the court below sentencing him to the penitentiary for a period of one year for the crime of grand larceny. The indictment charges that appellant "did take and carry away thirty-one dollars, gold, silver,

and paper money, of the value of thirty-one dollars, of the personal property of B. B. Gordon, * * * etc.''

The proof on the part of the State tended to show that the money was taken from the person of Gordon, the owner thereof, by robbery, and appellant asked instructions to the effect that a conviction could not be had under an indictment charging larceny if the proof showed that the crime committed was robbery. But the court refused to submit this question to the jury.

It is urged that the indictment is defective, in that it fails to properly describe the money alleged to have been stolen, and that there is a variance between the indictment and the prooof, in that the indictment alleges the larceny of gold, silver and paper money, whereas the proof shows the larceny only of paper and silver money; and that there was a failure of proof, in that the value of the money stolen was not shown.

It is also assigned as ground for reversal that prejudicial error was committed by an improper argument of the prosecuting attorney.

We will discuss the assignments of error in the order stated.

(1) No error was committed in refusing to charge the jury as requested in regard to the crime of robbery. This exact question was decided in the case of *Coon* v. *State,* 109 Ark. 354, where it was said: ''But even if the facts of the case constituted the crime of robbery, it would have been incorrect to give an instruction to the jury that on that account the accused should be acquitted of larceny, the crime charged in the indictment. The charge of robbery includes a charge of larceny, and even though the accused be guilty of the higher offense of robbery, the State has the right to elect to indict for the crime of larceny, which is embraced therein, and seek a conviction for the crime of larceny, ignoring the higher offense. *Routt* v. *State,* 61 Ark. 594.''

(2) The indictment sufficiently describes the property alleged to have been stolen. Section 1844 of Kirby's Digest is as follows:

"Section 1844. In all prosecutions for the unlawful taking of money by larceny, embezzlement or otherwise, it shall not be necessary to particularly describe in the indictment the kind of money taken or obtained further than to allege gold, silver or paper money, and a general allegation in the indictment, and proof of the amount of money taken shall be sufficient."

Nor do we think there was any variance between the allegations of the indictment and the proof because there was no proof of the larceny of any gold money. It would have been improper to have alleged disjunctively the larceny of gold, silver or paper money; but it was entirely proper to allege the stolen property was gold, silver and paper money, and these allegations are sustained by proof of the larceny of money of either kind.

(3) Nor do we agree with counsel that there was any failure of the proof to show the value of the property stolen. The owner of the property had testified that he had gotten his pay check *cashed* and that he had $31.05 on his person. He was asked: "How much *money* did you have in your pocket;" and he answered, "I had $31.05." "Q. How much silver did you have, if you remember?" and he answered, "I had one dollar and a nickel." "Q. How much greenback or currency?" and he answered, "I had two tens, a five, two twos, and a one, and one dollar in silver and a nickel." If this proof was not sufficient, one could hardly expect to find a case where the testimony would support a charge of larceny committed by stealing money. The words, "money," "cashed," "silver," "greenbacks," "currency" and "*dollar*" were employed here, and in each instance the parties were referring to the medium of exchange in use in this country. In the case of *The State* v. *Downs,* 148 Ind. 327, the Supreme Court of that State said:

"It is apparent, therefore, that if 'two dollars' necessarily implies money, there is no valid objection to the indictment in omitting an allegation of value. 'Dollar is the money unit of the United States.' 5 Am. & Eng. Enc. of Law, p. 854. Where a testator directed his executors

to place the sum of 'twenty thousand dollars' in some good investment, it was held that 'there is no ambiguity about the word "dollars." If any word has a settled meaning at law, and in the courts, it is this. It can only mean the legal currency of the United States, not dollars invested in lands, or stocks.' *Halstead* v. *Meeker's Executors,* 18 N. J. Eq. 136. 'Money' in its strict technical sense, is coined metal, usually gold or silver, upon which the government stamp has been imposed to indicate its value. In its more popular sense, any currency, token, bank notes, or other circulating medium in general use is the representative of value, a generic term, and covers everything which by consent is made to represent property and passes as such currently from hand to hand. 15 Am. & Eng. Enc. of Law, p. 701. 'Money' designates the whole volume of the medium of exchange regardless of its character or denomination. A 'dollar' is of the volume of money, and is by law made a money unit of the value of one hundred cents. 'Two dollars', therefore, could only mean a specific sum of money, or money, the value of which is fixed by law, and requires no proof. See *Burrows* v. *State,* 137 Ind. 474, 45 Am. St. 210; *McCarty* v. *State,* 127 Ind. 223; *Graves* v. *State,* 121 Ind. 357.''

We adopt the reasoning of the Attorney General on this subject and quote as follows from his brief:

"Since money is itself the standard of value, it follows that it is not only unnecessary to prove its value but that it is impossible to do so. If value of money was susceptible of proof then money would not be the standard of value, but that thing in the terms of which the value of money was proved would be the standard of value. One might as well speak of measuring the length of a standard yard stick as to speak of ascertaining the value of a standard dollar in money.''

Section 1826 of Kirby's Digest defines the difference between grand larceny and petit larceny, and that difference is made to depend upon whether the value of the property stolen exceeds $10 or not. It is made grand larceny by statute to steal certain forms of property with-

out reference to its value; but where value is essential, it is expressed in dollars, and the property here stolen was dollars, and it would have been a work of supererogation, if not, indeed, an impossibiity, to have accurately stated the value of the property stolen except as so many dollars.

In support of their contention that there is a variance between the allegations of the indictment and the testimony, in that the proof fails to show the larceny of any gold, counsel cite authorities holding that, where several things are alleged to have been stolen, and a single value given for all the goods in a lump, a conviction is possible only if the taking of all the goods is proved, since, if the proof shows that a part only of the goods was taken, the value of all of them being in a lump, there is no showing of the separate value of the goods. These cases can have no application here, because the property stolen was of a single kind, and the proof showed the larceny of even more property than that alleged, and the question of value is concluded, because the property stolen was itself money, the thing which measures value.

The owner of the property was himself arrested, and, upon his arrest, he referred to the fact that appellant had stolen his money. In his argument to the jury, the prosecuting attorney referred to this fact, whereupon counsel for appellant objected to the argument, and now assigns as error the action of the court in failing to reprimand the prosecuting attorney for having made the argument. It appears, however, that, upon objection to the argument having been made, the court stated that this testimony had been excluded, whereupon the prosecuting attorney stated that he did not know the testimony had been excluded and that he would discuss other features of the testimony, which he immediately proceeded to do. If it be conceded that the argument itself was improper, we think no prejudice resulted from the incident referred to. The prosecuting attorney did not question the ruling of the court, and did not attempt to make the argument which the court had held improper. Upon the

contrary, it affirmatively appears, from his statement, that he was not attempting to do so. His statement is in the nature of an apology for having referred to evidence which had been excluded, and we think it impossible that any prejudice could have resulted from this incident.

Finding no prejudicial error, the judgment of the court below is affirmed.