### STATE *v.* BOATRIGHT.

### Crim. 4009

### Opinion delivered September 28, 1936.

*Carl E. Bailey,* Attorney General, and *J. F. Koone,* Assistant, for appellant.

*G. T. Sullins, W. N. Ivie* and *Charles Ivie,* for appellee.

McHaney, J. Appellee was indicted charged with defrauding the Valley Bank of Hindsville of a large sum of money, a felony. He was tried upon said charge and at the conclusion of the state's testimony, the court, on motion of appellee that there was a fatal variance between the allegations of the indictment and the proof in that indictment alleged he defrauded the bank of "gold, silver and paper money," whereas the proof showed he received from the bank its draft on its correspondent bank in St. Louis, which he cashed the same day, instructed the jury to return a verdict for appellee, which was done.

The state has appealed under the provisions of §§ 3410 and 3411, Crawford & Moses' Digest. Since appellee was acquitted of the charge, it being a charge punishable by imprisonment, we cannot reverse the case. Section 3412, Crawford & Moses' Digest; art. 2, § 8, Const. 1874; *State* v. *Smith,* 94 Ark. 368, 126 S. W. 1057; *State* v. *Gray,* 160 Ark. 580, 255 S. W. 304.

We have examined the record and it fails to show that any final judgment was ever entered on the verdict discharging appellee. The record shows the verdict of the jury and that an appeal was prayed and granted, but there is no record of a judgment. There is therefore nothing from which the state might appeal, and nothing for this court to affirm, reverse or modify. It has been many times held that an appeal will be dismissed for want of a final judgment. See cases cited in Crawford's Digest under Appeal and Error, § 22, vol. 1, p. 130.

What we have said must not be construed, in any manner, to approve the action of the trial court in in-

structing a verdict for appellee. On the contrary, we are of the opinion the court fell into error. There is no variance. Appellee received a draft on which he got the money. See *Kent* v. *State,* 143 Ark. 439, 220 S. W. 814; *Hall* v. *State,* 161 Ark. 453, 257 S. W. 61; *Cook* v. *State,* 130 Ark. 90, 196 S. W. 922; *Spears* v. *State,* 173 Ark. 1071, 294 S. W. 66.

Let the appeal be dismissed for want of a final judgment in the record.