**UNITED STATES, Appellee,**

v.

**Eddie SMITH, Corporal, U. S. Marine Corps, Appellant.**

No. 29,218.

U. S. Court of Military Appeals.

Sept. 5, 1975.

Lieutenant Stephen T. Myking, JAGC, USNR, argued the cause for Appellant, Accused.

Lieutenant Commander Harvey E. Little, JAGC, USN, argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel P. N. Kress, USMC.

OPINION OF THE COURT

FERGUSON, Senior Judge:

The appellant stands convicted by special court-martial before members of numerous offenses involving the violation of lawful general regulations in violation of Article

---

92, Uniform Code of Military Justice, 10 U.S.C. § 892. We granted the appellant's petition for grant of review to consider the following issue:

WHETHER THE CONVICTION FOR LOANING MONEY FOR PROFIT IN VIOLATION OF ARTICLE 92, UNIFORM CODE OF MILITARY JUSTICE, MUST FALL IN THAT ARTICLE 1132, US NAVAL REGULATIONS, 1973, PROSCRIBES PERSONAL ACTIVITY WHICH IS NOT THE PROPER SUBJECT OF GOVERNMENTAL REGULATION?

Article 1132(1), US Naval Regulations, 1973, proscribes:

No person in the naval service, on active service, shall, for profit or benefit of any kind, lend money to another person in the armed services, except by permission of his commanding officer; nor, having made a loan to another person in the armed services, shall he take or receive, in payment therefor, then or later, directly or indirectly, without the approval of the commanding officer, a sum of money, or any other thing or service, of a greater amount or value than the sum of money loaned.

The appellant was convicted of violating this regulation under specification 7, Charge I, by

wrongfully loaning money for profit to one Private First Class John R. Ruth, Jr., US Marine Corps, and wrongfully receiving a greater amount or value from the said Private First Class Ruth than the sum of money loaned

and under specification 11, Charge I, by

wrongfully loaning a sum of money ($5.00) for profit to one Private First Class Michael R. Fegan, US Marine Corps.

■ Initially it must be noted that the quoted regulation cannot be upheld as a prohibition against usury. As we observed in *United States v. Day*, 11 U.S.C.M.A. 549, 29 C.M.R. 365 (1960), usury is merely malum prohibitum and not malum per se. Thus "[w]ithout some definite provision limiting the rate which the lender may receive, the rate cannot be called usurious." *Id.* at 550, 29 C.M.R. at 366. Since the present regulation prohibits all loans for profit or benefit of any kind without the consent of a commanding officer, no limit has been established above which a lender cannot charge the borrower.[1]

Rather, only if we conclude that the naval service can legally regulate all loans for profit or benefit of any kind among its members, regardless of how innocuous, can we uphold the convictions of violating the regulation in question. The scope of the military's right to regulate its members was very early addressed by this Court in *United States v. Martin*, 1 U.S.C.M.A. 674, 5 C.M.R. 102 (1952), where we upheld an order against the use of cigarettes for bartering purposes under circumstances which reflected that the cigarettes were objects of blackmarket activities. Although noting that the order related to the disposition by a serviceman of his own personal property, we concluded that the military service could properly regulate such conduct by holding:[2]

All activities which are reasonably necessary to safeguard and protect the morale, discipline and usefulness of the members of a command and are directly connected with the maintenance of good order in the services are subject to the control of the officers upon whom the responsibility of the command rests.

In *United States v. Milldebrandt*, 8 U.S.C.M.A. 635, 25 C.M.R. 139 (1958), however, we reached a contrary result where an accused was given an order to report his financial condition during a stated period. Because that order was unrelated to the requirements of military service, we found it to be so all inclusive as to be unenforceable.

We have, over the years, upheld convictions for violating orders or regulations

---

1. A regulation which prohibits interest rates above a specified rate has been upheld by this Court. *United States v. Giordano*, 15 U.S.C.M.A. 163, 35 C.M.R. 135 (1964).

2. *Id.* at 676, 5 C.M.R. at 104.

where a sufficient connection between the military's duty to protect the morale, discipline and usefulness of its members and the infringement of an individual's rights has been established.[3] Where such a connection has not been demonstrated, however, we have not hesitated to reverse.[4] As noted in *United States v. Wilson*, 12 U.S.C.M.A. 165, 166–67, 30 C.M.R. 165, 166–67 (1961),[5] an order which is broadly restrictive of a private right is arbitrary and illegal in the absence of circumstances demonstrating a connection to a military need.

■ An examination of the quoted portion of the regulation leads us to conclude that, without a corresponding military need, it is too restrictive. It is clear all loans for profit or benefit are regulated without regard to the amount of the profit or the nature of the benefit received. While the military has a legitimate concern in prohibiting the charging of usurious interest rates, or loans between subordinates and superiors, the regulation in question makes no such distinctions for, under it, all rates and all loans between any person in the Navy and any member of the armed forces are subject to the arbitrary control of the commanding officer. While the appellant was charging exorbitant rates,[6] those rates are not usurious in the absence of a provision limiting the rates which the lender may receive. *United States v. Day, supra.*

■ Because the appellant did not attempt to seek the permission of his commanding officer, the Government also submits that he cannot challenge the regulation. The Government reasons that if permission had been granted, the appellant would have no basis to object. *See generally United States v. Wheeler*, 12 U.S.C.M.A. 387, 30 C.M.R. 387 (1961). This argument is premised on the basis that the appellant can be required to obtain permission from his commanding officer to make a loan. We find, however, that such a requirement is itself a form of control, much like an invalid prior restraint, which is too restrictive when applied without regard to any standards for determining whether the interest charged or other thing or service given in return is usurious or otherwise directly connected with the maintenance of good order and discipline. In short, the arbitrary permission of a commanding officer cannot be required as a condition precedent to any and all loans for profit or benefit of any kind.

The decision of the Court of Military Review is reversed as to the findings of guilty of specifications 7 and 11, Charge I. The findings of guilty of specifications 7 and 11, Charge I, are set aside and those specifications are dismissed. The record of trial is returned to the Judge Advocate General of the Navy for submission to the Court of Military Review for reassessment of the sentence on the basis of the remaining findings of guilty.

Judge COOK concurs.

Chief Judge FLETCHER did not participate in the decision of this case.

3. *United States v. Wheeler*, 12 U.S.C.M.A. 387, 30 C.M.R. 387 (1961). *See United States v. Wartsbaugh*, 21 U.S.C.M.A. 535, 45 C.M.R. 309 (1972).

4. *United States v. Wilson*, 12 U.S.C.M.A. 165, 30 C.M.R. 165 (1961); *United States v. Nation*, 9 U.S.C.M.A. 724, 26 C.M.R. 504 (1958); *United States v. Wysong*, 9 U.S.C.M.A. 249, 26 C.M.R. 29 (1958). *See United States v. Aycock*, 15 U.S.C.M.A. 158, 35 C.M.R. 130 (1964).

5. The accused was ordered not to indulge in alcoholic beverages and such order was to apply in all places and on all occasions.

6. The record reflects the appellant charged between 70 and 100 percent interest from the date of the loan to the next payday.