## UNITED STATES

v.

Airman Fred L. WILLIAMS, II, FR 362–58–7818, Headquarters, Tactical Fighter Weapons Center Range Group, USAF Tactical Fighter Weapons Center (TAC).

ACM S24458.

U. S. Air Force Court of Military Review.

Sentence Adjudged 13 Aug. 1976.

Decided 25 Feb. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain David A. Bateman.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Gilbert J. Regan.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

## DECISION

HERMAN, Judge:

Tried before a military judge sitting as a special court-martial, the accused was convicted, in accordance with his pleas, of one offense of wrongful appropriation and eight specifications of making worthless checks, in violation of Articles 121 and 123a, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 923a. He was also convicted, notwithstanding his plea, of violating an order given by his commander suspending his on-base check cashing privileges, by cashing a check at the Nellis Air Force Base NCO Club, in violation of Article 92. The approved sentence is a bad conduct discharge, confinement at hard labor for five months and reduction to the lowest enlisted grade.

Trial and appellate defense counsel assert that the violation of the commander's order was not proven beyond a reasonable doubt. We agree.

On 17 June 1976, the accused's commander dispatched a letter to a number of on-base agencies which read:

The check cashing privileges of Amn Fred L. Williams, FR 362–58–7818 have been suspended indefinitely at all on-base military check cashing facilities effective this date.

On that same date, the accused was given a copy of the letter and was instructed by his commander not to cash any further checks on the military installation. Although we have some doubt that an order of this na-

ture possesses legal efficacy (see *United States v. Smith*, 23 U.S.C.M.A. 542, 50 C.M.R. 713, 1 M.J. 156 (1975); *United States v. Wilson*, 12 U.S.C.M.A. 165, 30 C.M.R. 165 (1961); *United States v. Nation*, 9 U.S.C.M.A. 724, 26 C.M.R. 504 (1958); cf. *United States v. Wilson*, 4 C.M.R. 311 (A.B.R.1952)), we do not find it necessary to decide that issue in light of the evidentiary deficiency.

The specification alleges that the accused violated his commander's order "by cashing a check." The evidence, partially presented by stipulation of fact, indicates that the accused "wrote" a "worthless" check on 19 June 1976, two days after receiving the order not to cash further checks.

 As there is a decided difference between making and uttering a check, there is an even wider disparity between writing and cashing a check. The Manual for Courts-Martial, 1969 (Rev.), paragraph 202A, provides:

> The words "making" and "drawing" are synonymous, and refer to the acts of writing and signing the instrument. "Uttering" and "delivering" have similar meanings. Both "uttering" and "delivering" mean transferring the instrument to another, but "uttering" has the additional meaning of offering to transfer.

We interpret the word "wrote" in the stipulation of fact as the act of making or drawing the instrument. In normal parlance, "cashing a check" imports the receiving of money or goods in exchange for the instrument. The verb "cash" is defined, "to pay or obtain cash for (as a check or bond)," or "exchange for money."[1] That the accused *wrote* a check payable to the Nellis Air Force Base NCO Open Mess falls far short of *cashing* a check at that place.

That the check written by the accused was worthless does not add significantly to the proof that it was "cashed." A check may be worthless at the time of making or

uttering, and the writer need not exchange it for money or merchandise in order to characterize it as such. Manual for Courts-Martial, supra, paragraph 202A.

 Appellate government counsel argue that since the stipulation includes the fact that full restitution was made to the NCO Open Mess, we may infer that the accused "cashed" this check. A number of checks are listed in the stipulation, and there is no indication that the accused received something in return for each and every check listed. Therefore, the general statement that "full restitution was made" does not suffice to prove beyond a reasonable doubt that the accused received cash or goods for the check in question.

 The findings of guilty of Charge I and its specification are hereby set aside and ordered dismissed. The remaining charges and specifications are correct in law and fact. Reassessing the sentence on the basis of the affirmed charge and specifications, we find only so much thereof appropriate as provides for bad conduct discharge, confinement at hard labor for four months and reduction to airman basic.

The findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

BUEHLER, Senior Judge, and ORSER, Judge, concur.

---

1. Webster's Third New International Dictionary, Unabridged, p. 346 (1969). See also 14 C.J.S. *Cash*, p. 19 (1939); *Cook v. State*, 130 Ark. 90, 196 S.W. 922 (1917).