586

UNITED STATES

v.

Reginald D. BROWN, 399 62 0394, Private (E-1), U. S. Marine Corps.

NCM 78 1810.

U. S. Navy Court of Military Review.

Sentence Adjudged 24 Aug. 1978.

Decided 5 April 1979.

LT Lawrence W. Muschamp, JAGC, USN, Appellate Defense Counsel.

LT J. G. VanWinkle, JAGC, USNR, Appellate Government Counsel.

Before BAUM, Senior Judge, and MICHEL and GRANGER, JJ.

GRANGER, Judge:

Appellant was convicted of assault, in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928, and two offenses of usury, in violation of Article 134, UCMJ, 10 U.S.C. § 934. Appellant does not challenge his conviction of assault, and we address only the validity of the findings as to the violations of Article 134.

The facts elicited during the inquiry into appellant's guilty pleas establish that on two occasions he loaned money to a fellow serviceman with the agreement that the loan would be repaid within 2 weeks with interest amounting to 50% of the loan.

The specifications allege that appellant violated the California Civil Code by contracting for the receipt of interest in excess of that allowed by California law. It is clear from the specifications that the Government proceeded on the theory that the acts occurred in a military enclave within the state of California, were cognizable as federal crimes pursuant to the Assimilative Crimes Act, 18 U.S.C. § 13, and, hence, were punishable by court-martial as violations of the third clause of Article 134, UCMJ, as "crimes and offenses not capital." *See United States v. Rowe,* 13 U.S.C.M.A. 302, 32 C.M.R. 302 (1962); 18 U.S.C. §§ 7, 13; paragraph 213e, *Manual for Courts-Martial, United States, 1969* (Revised edition) (MCM).

Appellant concedes that the offenses occurred in an area within federal jurisdiction, *see* 18 U.S.C. § 7, but he asserts that misconduct amounting to usury is proscribed by Article 1132, U.S. Navy Regulations, and punishable as a violation of Article 92, UCMJ, 10 U.S.C. § 892; that this federal law "preempts the field,"[1] precluding assimilation of the state law; and for this reason the specifications alleging usury as a violation of Article 134 fail to state an offense.

 It is unnecessary for us to determine whether the present Article 1132 of Navy Regulations preempts the field of usury, because that regulation was promulgated on 14 April 1978, whereas appellant's offenses are alleged to have occurred in November 1977 and February 1978. *See U. S. Navy Regulations, 1973, as amended,* change 2 (1978). A regulation of the same number, which was supplanted by the current Article 1132, was included in Navy Regulations at the time of these offenses. It proscribed the lending of money to another member of the armed forces, except by permission of the lender's commanding officer, and it also proscribed the receipt of any interest for such loans. But the Court of Military Appeals had earlier struck down that Article 1132, holding it to be an illegal infringement of individual's rights. *United States v. Smith,* 1 M.J. 156 (C.M.A.1975). Thus, at the time appellant's offenses were committed, no enforceable article in Navy Regulations proscribed usury. We are cited to no other regulation that prohibited appellant's usurious activity.

In the *Manual for Courts-Martial, United States, 1951,* usury was listed as an offense punishable under Article 134. *See* MCM, 1951, paragraph 127c, Table of Maximum Punishments, and appendix 6c, specification form 150. In 1960 however, the Court of Military Appeals held that usury rests entirely upon statutory regulation, is not *malum per se,* and, in the absence of regulations proscribing usurious conduct, specifications alleging usury failed to state offenses. *United States v. Day,* 11 U.S.C.M.A. 549, 29 C.M.R. 365 (1960). Apparently, as a result of the *Day* decision, references to usury were deleted from the *Manual* when it was revised in 1969. *See* DA-PAM 27-2, *Analysis of Contents, Manual for Courts-Martial, United States, 1969, Revised Edition* 25-14 (1970). It is clear, therefore, that appellant could not be prosecuted for usury under Article 134 for conduct prejudicial to good order and discipline or conduct of a nature to bring discredit upon the armed forces. We conclude that, at the time he committed the charged offenses, there was no Federal law or regulation preempting the field of usury as committed by appellant.

 The Assimilative Crimes Act expresses "the desire of Congress to prevent Federal areas within a particular State from becoming privileged sanctuaries of immunity for persons engaging in conduct that is criminal in all other parts of the State," *United States v. Borys,* 18 U.S.C.M.A. 547, 554, 40 C.M.R. 259, 266 (1969). The Navy Department's loan restrictions having been invalidated by the Higher Court, it was singularly appropriate to fill the void thereby created by assimilating the law of the state in which the misconduct occurred. We therefore find no merit in appellant's assignment of error.

The findings and sentence as approved below are affirmed.

Senior Judge BAUM and Judge MICHEL concur.

---

1. For discussion of the doctrine of preemption, *see United States v. Wright,* 5 M.J. 106 (C.M.A. 1978).