**UNITED STATES, Appellee,**

v.

**Michael Q. McCLAIN, Private, United States Army, Appellant.**

No. 38,365.
CM 437730.

U. S. Court of Military Appeals.

Feb. 17, 1981.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Grifton E. Carden, Cap-*

*tain Robert D. Ganstine* and *John A. Gaines, Esquire* (on brief).

For Appellee: *Colonel R. R. Boller, Major Douglas P. Franklin, Captain Paul G. Thomson* (on brief); *Captain William J. Douglas, Major Ted B. Borek.*

### OPINION OF THE COURT

PER CURIAM:

We have granted review (9 M.J. 52) of appellant's general court-martial[1] to consider the following matter:

WHETHER THE CONVICTION FOR ATTEMPTING TO BORROW MONEY IN VIOLATION OF ARTICLE 92, UCMJ, MUST FALL, IN THAT FORT JACKSON REGULATION 600–3, DATED 31 JANUARY 1978, PROSCRIBES PERSONAL ACTIVITY WHICH IS NOT THE PROPER SUBJECT OF GOVERNMENTAL REGULATION.

The appellant in this case was the driver for the commander of Company A, 1st Battalion, 1st Basic Training Brigade, at Fort Jackson, South Carolina, and as such was part of the permanent personnel. On February 28, 1978, while on duty with two trainees, the appellant solicited from each a loan of $100 in order to purchase an automobile. Both agreed, but requested a receipt. One of the trainees attempted to obtain the commander's signature as a witness, which started the events leading to this prosecution.

We believe this case is governed by the rule laid down in *United States v. Smith*, 1 M.J. 156 (C.M.A.1975). We have long "upheld convictions for violating orders or regulations where a sufficient connection between the military's duty to protect the morale, discipline and usefulness of

---

1. Tried at Fort Jackson, South Carolina, by general court-martial with members, appellant was found guilty, contrary to his pleas, of rape and two specifications of attempting to violate a lawful general regulation, in violation of Articles 120 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 920 & 892, respectively. His sentence included a bad-conduct discharge, confinement at hard labor for 4 years and total forfeitures. The convening authority approved the sentence, and the United States Army Court of Military Review affirmed the approved findings and sentence.

its members and the infringement of an individual's rights has been established." *Id.* 157–58 (footnote omitted). *Smith* recognized the principle involved here, that "the military has a legitimate concern in prohibiting ... loans between subordinates and superiors." *Id.* at 158.

The decision of the United States Army Court of Military Review is affirmed.

COOK, Judge (concurring).

I agree with the principal opinion, but write separately to express my views as to why the circumstances of the present case warrant a different result than that mandated in *United States v. Smith*, 1 M.J. 156 (C.M.A.1975). There, a majority of the Court held that the regulation involved in *Smith* was overly restrictive because it "regulate[d] all loans for profit or benefit of any kind among its [U.S. Navy] members, regardless of how innocuous." *Id.* at 157. The regulation in the present case proscribes loans between trainees and permanent party personnel. As noted in the principal opinion, *Smith* did not invalidate all regulatory proscriptions against loans. Here, there is a legitimate military purpose in proscribing loans as the relationship between permanent party personnel and trainees would preclude a true arm's-length transaction. Accordingly, I concur with the principal opinion.