*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

---

**UNITED STATES**
Appellee

**v.**

**Joseph W. PUGH, Major**
United States Air Force, Appellant

**No. 17-0306**
Misc. Dkt. No. 2016-11

Argued October 11, 2017—Decided November 7, 2017

Military Judges: Natalie D. Richardson and Brendon K. Tukey

For Appellant: *Major Annie W. Morgan* (argued); *David P. Sheldon*, Esq. (on brief).

For Appellee: *Major Tyler B. Musselman* (argued); *Colonel Katherine E. Oler*; *Lieutenant Colonel Joseph J. Kubler* (on brief); *Major Meredith L. Steer* and *Captain Matthew L. Tusing*.

Judge SPARKS delivered the opinion of the Court, in which Chief Judge STUCKY, Judges RYAN and OHLSON, and Senior Judge COX, joined.

---

Judge SPARKS delivered the opinion of the Court.

Contrary to his plea at a general court-martial, Appellant was convicted by a panel of officer members of willful dereliction of duty, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892 (2012), by consuming Strong & KIND bars, a product containing hemp seeds, which is prohibited by Dep't of the Air Force, Instr. 90-507, Military Drug Demand Reduction Program para. 1.1.6. (Sept. 22, 2014) [hereinafter AFI 90-507].[1] Prior to

---

[1] AFI 90-507 para. 1.1.6., states:

> Studies have shown that products made with hemp seed and hemp seed oil may contain varying levels of tetrahydrocannabinol (THC), an active ingredient of marijuana, which is detectable under the Air Force Drug Testing Program. In order to ensure military readiness, the ingestion of products containing or products derived from hemp seed or hemp seed oil is

presentencing proceedings, Appellant filed a motion to dismiss on the ground, inter alia, that the AFI forming the basis of the alleged dereliction was not a lawful order. The military judge reserved ruling and allowed presentencing proceedings to continue. Following their deliberations, the members adjudged a sentence of dismissal. Prior to authentication of the record, the military judge granted Appellant's motion to dismiss finding AFI 90-507 unlawful because it was overly broad and therefore did not serve a valid military purpose. After hearing arguments at a post-trial Article 39a, UCMJ, 10 U.S.C. § 839(a) (2012), session, the military judge denied the Government's motion for reconsideration. The military judge subsequently authenticated the record.

The Government appealed the ruling pursuant to Article 62, UCMJ, 10 U.S.C. § 862 (2012). The United States Air Force Court of Criminal Appeals reversed the military judge and reinstated Appellant's willful dereliction of duty conviction. Appellant then petitioned this Court, and we granted review on the following issue:

> WHETHER THE MILITARY JUDGE ERRED IN FINDING THAT AFI 90-507 SERVES NO VALID MILITARY PURPOSE AND DISMISSING THE ADDITIONAL CHARGE AND ITS SPECIFICATION.

For the reasons sets forth below, we hold that although AFI 90-507 may have a valid military purpose, it is overly, and inappropriately, broad as it pertains to Food and Drug Administration (FDA) approved food products. Accordingly, the decision of the lower court is reversed.

## I. Background

During his initial ruling on Appellant's motion to dismiss and his ruling on reconsideration, the military judge, in relevant part, made the following factual findings:

> prohibited. *Failure to comply with the mandatory provisions of this paragraph by military personnel is a violation of Article 92, UCMJ. Violations may result in administrative disciplinary action without regard to otherwise applicable criminal or civil sanctions for violations of related laws.*

Hemp used for manufacturing or in the food industry is legal for import and sale in the United States, but currently is illegal to grow. The use of hemp in food products marketed and sold in the United States is heavily regulated. In order to be legally sold, the hemp must undergo washing and industrial processing designed to eliminate all but the most minute trace amounts of THC. As a result, legally available hemp food products sold in the United States contain vanishingly small amounts of THC.

Strong & KIND bars are a variety of protein bars that come in many flavors. These bars contain hemp seeds as an ingredient. The bars are legal to purchase and consume throughout the United States, can be found in many retailers, and have been sold in commercial venues on military installations. Legally available commercial food products containing hemp, such as Strong & KIND bars, do not contain enough THC to trigger a positive finding by the Air Force Drug Testing Program.

The military judge identified the following ways food products containing hemp could theoretically impact the validity of the Air Force Drug Testing Program: (1) food products sold in unregulated venues, such as a farmers' market, could illegally contain hemp that has not been through the rigorous processing required by regulatory agencies such as the FDA; (2) commercially regulated food product could experience a failure in its manufacturing process that would lead to the inclusion of unwashed and unprocessed hemp seeds;[2] (3) airmen could purchase a locally legal product while overseas that could contain unprocessed hemp; and (4) airmen could purchase a hemp food product over the Internet that would be otherwise illegal for sale in the United States that contains amounts of THC above those allowed by the FDA for hemp food products sold legally in the United States.

The military judge granted Appellant's motion to dismiss, finding criminalizing the consumption of an entire class of legal, well-regulated, commercially manufactured and sold food products with THC levels below the detection threshold of the Air Force Drug Testing Program to be

---

[2] The military judge found that "no evidence was presented indicating that such a manufacturing failure has in fact ever occurred."

overly broad and therefore not serving a valid military purpose.

## II. Standard of Review

"In an Article 62, UCMJ, appeal, this Court reviews the military judge's decision directly and reviews the evidence in the light most favorable to the party which prevailed at trial.[3] *United States v. Buford*, 74 M.J. 98, 100 (C.A.A.F. 2015). On matters of fact with respect to appeals under Article 62, UCMJ, we are bound by the military judge's factual determinations unless they are unsupported by the record or clearly erroneous. *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004). The legality of a military order is a question of law that we review de novo. *United States v. Sterling*, 75 M.J. 407, 413–14 (C.A.A.F. 2016).

## III. Discussion

The offense of dereliction in the performance of one's duties requires that the following elements be proven:

(a) That the accused had certain duties;

(b) That the accused knew or reasonably should have known of the duties; and

(c) That the accused was (willfully) (through neglect or culpable inefficiency) derelict in the performance of those duties.

*Manual for Courts-Martial, United States* pt. IV, para. 16.b.(3) (2016 ed.) (*MCM*).

*MCM* pt. IV, para. 16.c.(3)(a), states that the duty "may be imposed by treaty, statute, regulation, lawful order, standard operating procedure, or custom of the service." A lawful military order must: "(1) have a valid military purpose, and (2) be clear, specific, and narrowly drawn." *Sterling*, 75 M.J. at 414 (internal quotation marks omitted) (citation omitted). To have a valid military purpose, an order "must relate to military duty, which includes all activities reasonably necessary to accomplish a military mission, or safeguard or promote the morale, discipline, and usefulness of members of a command and directly connected with the maintenance of good order in the service." *MCM* pt. IV, para. 14.c.(2)(a)(iv). We determine whether an order is overbroad

---

[3] As the lower court's opinion is not relevant to our review, we proceed directly to considering the military judge's ruling.

by "examining the specific conduct at issue rather than the theoretical limits of the order." *United States v. Padgett*, 48 M.J. 273, 277 (C.A.A.F. 1998); *see also United States v. Moore*, 58 M.J. 466, 468 (C.A.A.F. 2003) (explaining that this Court "focus[es] more directly on the specific conduct at issue in the context of the purposes and language of the order" in evaluating whether an order is overbroad).

As an initial matter, the Government challenges, inter alia, the military judge's factual finding that commercial food products manufactured in the United States containing hemp seeds, such as Strong & KIND bars do not contain enough THC to trigger a positive drug test. In addition to the willful dereliction of duty offense, Appellant was charged with wrongful use of marijuana, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a (2012).[4] In attempting to prove this charge, the Government presented evidence and argued that commercially available hemp products could never interfere with the drug testing because these products did not contain any appreciable level of THC. Specifically, the Government's expert witness, Dr. David Turner, testified that a person could not eat enough KIND bars to trigger a positive drug test. This testimony is supported by defense expert witness Dr. Eugene Taylor's testimony that commercially available food products containing hemp seeds do not have enough THC detectable at levels proscribed by the Air Force Drug Testing Program.[5] Accordingly, we conclude that the military judge's factual finding is supported by the record and not clearly erroneous.

The Air Force asserts that, under paragraph 1.1.6. of AFI 90-507, products made from hemp seed and hemp seed oil must be banned to ensure military readiness because they may contain varying levels of THC, which is detectable under the Air Force Drug Testing Program. In support of the stated purpose, the Government on appeal in this Court advanced the argument that "such a ban is necessary to protect the reliability and integrity of the drug testing program." *See United States v. Bickel*, 30 M.J. 277, 280 (C.M.A. 1990) (noting that drug use in the armed services harms the military mission because it diminishes the

---

[4] The members acquitted Appellant of this charge.

[5] The military judge specifically found that the Department of Defense mandated "cut off" level for a positive urine sample was fifteen nanograms of THC per milliliter of urine.

military effectiveness of the servicemembers who are using drugs). However, a blanket ban on all legally available commercial food products sold and regulated in the United States does not advance this military purpose. Airmen ingesting Strong & KIND bars do not represent a threat to the integrity and accuracy of the Air Force Drug Testing Program because commercially available United States food products containing hemp seeds do not contain enough THC detectable at the levels proscribed by the department. True, the Air Force has a legitimate concern in prohibiting hemp food products that contain enough THC to trigger a positive drug test. However, banning legal, properly labeled food products well regulated by the United States government under the guise of protecting airmen from unlabeled, unregulated, illegal food products is well beyond the Government's stated purpose for the ban. The regulation is therefore overbroad because Appellant's act of consuming Strong & KIND bars cannot interfere with the Air Force Drug Testing Program. *See United States v. Smith,* 1 M.J. 156, 157–58 (C.M.A. 1975) (order outlawing all loans for profit between servicemembers is overbroad). Accordingly, viewing the evidence in the light most favorable to Appellant, we conclude that AFI 90-507 is an insufficient basis to support a charge of dereliction when it applies to legal, FDA-approved food products.

## IV. Conclusion

The decision of the United States Air Force Court of Criminal Appeals is reversed; the charge is dismissed with prejudice; all rights, privileges, and property of which Appellant has been deprived by virtue of that ruling are hereby ordered restored; and the record is returned to the Judge Advocate General of the Air Force for transmission to the convening authority for further proceedings.