UNITED STATES, Appellee

v

PEDRO SUBIA, Private, U. S. Army, Appellant

12 USCMA 23, 30 CMR 23

No. 14,143

Decided November 18, 1960

*First Lieutenant Ira M. Lechner* argued the cause for Appellant, Accused. With him on the brief were *Major Ralph W. Wofford, First Lieutenant Leonard Etz,* and *First Lieutenant Vernon C. Maulson.*

*First Lieutenant Francis J. Larkin* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel James G. McConaughy.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Pursuant to his plea of guilty, accused was convicted by general court-martial for five specifications of robbery, in violation of Article 122, Uniform Code of Military Justice, 10 USC § 922. He was sentenced to dishonorable discharge, total forfeitures, confinement at hard labor for five years, and reduction to the grade of Recruit E–1. Intermediate appellate authorities affirmed the findings and sentence, except that the board of review reduced the period of incarceration to four years. Thereafter, accused petitioned this Court for grant of review, and we allowed argument limited to a single issue: Whether the stipulated facts concerning the first specification are sufficient to support a finding of robbery.

At trial, when accused indicated his intention to plead guilty, the law officer held an out-of-court hearing and explained to him the meaning and effect of his plea and questioned him closely to be certain he understood. Accused nevertheless indicated his desire to persist in admitting his guilt, expressly stating, with regard to the first specification, that he knew he was admitting he stole $5.00 from his victim's person against his will, by force and violence, and with intent permanently to deprive him of the money. Like inquiry was also made into the other specifications, and thereafter accused stated that he was pleading guilty and admitting doing the acts alleged only because he had actually done them. Accused's guilty plea was then accepted in open court,

**23**

after which a stipulation of facts was received in evidence. There was no other testimony on the merits.

The stipulated facts with regard to the alleged robbery here under scrutiny were as follows:

"That at about 2300 hours, 2 January 1959, Pedro Subia, Donald Baker, and Miss Jo Ann Marmy drove to the Navy EM Club at Moanaloa. Subia drove the car and Baker and Miss Marmy were asleep or passed-out in the front seat. Arriving at the EM Club, Subia entered the club and observed an individual (later identified as PFC Joseph J. Giaise, USMC) in an apparently drunken stupor. With the assistance of a third party he got PFC Giaise into the back seat of the car and drove to a sugar cane field near Camp H. M. Smith where he got the still unconscious PFC Giaise out of the car and removed the sum of about $5.00 from his pockets."

Appellate defense counsel argue that the stipulated facts show the victim was unconscious throughout the entire episode and that accused inflicted no physical force or violence upon him in order to take his money. Thus, it is urged that the stipulated facts constitute no more than proof of larceny from the person. Government counsel do not disagree with the proposition that the picking of the pocket of an unconscious person without force or intent to use force is not robbery. They do contend, however, that although the final act of accused by itself may have been a mere taking of money, the act was but the concluding step in an operation which consisted of carrying the victim from the sanctuary of the Club, where he was in an area of safety, transporting him to a dark and deserted field, and then relieving him of his money. In doing this, the Government argues accused brought to bear all the force that is requisite to sustain robbery.

We need not reach the question. Here it is unnecessary to construe the meaning of the stipulated facts nor determine whether they specifically negate the use of the force admitted by accused's plea of guilty and expressly acknowledged by him during the law officer's questioning in the out-of-court hearing. Even assuming arguendo that accused was guilty only of larceny from the person, not robbery, the difference is, in the circumstances of this case, immaterial to any of his substantial rights. Accused is an admitted robber, for no question is raised as to the other four robbery specifications, and the nature of his conduct in the instance under scrutiny, if deficient at all, falls little short of constituting the alleged offense. The four confessed robberies, together with larceny from the person, will support a sentence of more than forty years' imprisonment with accessory penalties, and the period of incarceration adjudged by the court-martial was five years. The punishment presently outstanding against accused, as reduced by the board of review, includes but four years' confinement, so that it is less than one tenth of the maximum contended for by the accused. Manifestly, the effect of any error in the findings would be *de minimis*. See United States v Reams, 9 USCMA 696, 26 CMR 476. See also United States v Helfrick, 9 USCMA 221, 25 CMR 483; United States v Teitsort, 9 USCMA 322, 26 CMR 102; United States v Holland, 9 USCMA 323, 26 CMR 103; United States v Horowitz, 10 USCMA 120, 27 CMR 194; United States v Marymont, 11 USCMA 745, 29 CMR 561. Cf. United States v Keith, 1 USCMA 442, 449, 4 CMR 34.

Accordingly, the decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.