UNITED STATES, Appellee

v

RICHARD W. WILSON, Airman Third Class, U. S. Air Force, Appellant

12 USCMA 165, 30 CMR 165

No. 14,408

Decided January 27, 1961

*Lieutenant Colonel Philip J. Williamson* argued the cause for Appellant, Accused. With him on the brief was *Colonel James L. Kilgore*.

*Major John C. Wiley* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Merlin W. Baker*.

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Among other offenses, the accused was tried for, and convicted of, disobeying an order by his squadron commander "not to drink liquor." At trial, he moved to dismiss the charge on the ground the order was illegal. The motion was denied, and the ruling was sustained by intermediate appellate authorities. We granted further review.

The accused was suspected of stealing a tape recorder from the Air Force Exchange. Interrogated by agents of the Office of Special Investigations, he at first denied, but later admitted, that he stole the recorder while under the "influence of alcohol." The accused's squadron commander was informed of the accused's confession. He immediately arranged for a meeting with the

accused and at the meeting he "restricted . . . [the accused] to the billets" and ordered him "not to indulge in alcoholic beverages." Under the terms of the restriction, the accused was to go to work at eight o'clock in the morning, remain at work during normal duty hours, and then return to the billets and "remain there." The commander explained the purpose of the order as follows:

"A: . . . I heard Airman Wilson had signed a confession, according to the OSI to the effect that he had stolen this tape recorder and that he was under the influence of alcohol or alcoholic beverages while he did this. I thought that for his own good, sir, and for his protection and the best interests of the service that I would restrict him and confine him to his quarters and order him not to induge in alcoholic beverages.

. . . . . .

"Q: Now, would you elaborate a little bit? You have stated that this was to the best interests of the organization, to order him not to indulge in alcoholic beverages. Would you explain this to the court?

"A: The OSI report indicated that the man had committed a crime while under the influence of alcohol. So I exercised my power as commander and ordered him not to indulge in alcoholic beverages to protect him. In my opinion this might prevent something similar to that happening again."

It appears from the evidence that at an earlier time consumption of alcoholic beverages in the billets was prohibited to all personnel. About a week after the order to the accused, he was found in an apparently intoxicated condition, and "smell[ed] of alcohol."

Both parties agree that obedience to orders is fundamental to the operation of the military establishment. They also agree that every order is presumed to be legal, but if the order imposes limitations on the personal rights of an individual, it must be connected with the "morale, discipline and usefulness" of the military service.

United States v Martin, 1 USCMA 674, 676, 5 CMR 102; see also United States v Milldebrandt, 8 USCMA 635, 639, 25 CMR 139. However, they disagree as to the scope and effect of the order in this case. Appellate defense counsel maintain the order is illegal because it is without limit as to "time or place or . . . the reasonable requirements" of the military service. See United States v Wysong, 9 USCMA 249, 26 CMR 29. On the other hand, the Government contends the order merely required the accused "to refrain from drinking while on duty and while in barracks, the only two places he was authorized to be," and it, therefore, was directly connected to the needs and purpose of the military.

In our opinion, the testimony of the squadron commander shows unmistakably that the order was to apply in all places and on all occasions. If the order was as restricted as the Government contends, it was plainly unnecessary as regards drinking in billets because the consumption of liquor in the billets was already prohibited, and it is unlikely the squadron commander would order the accused to refrain from doing an act which was already forbidden to him. As far as drinking during working hours is concerned, there is no suggestion in the circumstances which prompted the order to indicate the accused drank while on duty. The commander testified the order was specifically intended to "prevent" and "protect" the accused from again becoming involved in some misdeed while under the influence of alcohol. The misdeed which was reported to him indicated that accused's alcoholic indulgences took place outside of duty hours. It is also significant that by its terms the order made no exceptions. A single drink of beer would violate the order as definitely as the consumption of a fifth of whiskey; and a drink to toast the health or welfare of a friend in the privacy of his quarters was as much prohibited as a drinking spree in a public tavern. In the absence of circumstances tending to show its connection to military needs, an order which is so broadly restrictive of a private right of an in-

dividual is arbitrary and illegal. United States v Wysong, supra.

A situation substantially similar to the instant case was before the board of review in United States v Wahl, 4 CMR 767. There, as here, the accused was restricted and ordered "not to indulge in alcoholic beverages." Shortly thereafter he was found in an intoxicated state at the Officers' Club. He was tried for several offenses, including that of violating the order not to drink. The board of review set aside the finding of guilty on the ground that, in its operation and effect, the order was unrelated to military duty and, therefore, illegal.

Accordingly, the decision of the board of review as to Charge III and its specification and the sentence are set aside and Charge III and its specification is ordered dismissed. The record of trial is returned to The Judge Advocate General of the Air Force for submission to the board of review for reassessment of the sentence on the basis of the remaining findings of guilty.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I concur generally with that portion of the Court's opinion which holds the order in question unlawful. While the commander who ordered accused to abstain from consumption of alcoholic beverages apparently did so out of paternalism, nevertheless the order was so broad as to be illegal. United States v Wysong, 9 USCMA 249, 26 CMR 29. Accordingly, I join my associates in setting aside accused's conviction under Article 92, Uniform Code of Military Justice, 10 USC § 892, and ordering that offense dismissed.

However, I dissociate myself from the remainder of the disposition ordered by the majority. The other crimes for which accused was convicted were assault with a dangerous weapon and larceny of a tape recorder valued at $49.95, in violation of Articles 128

and 121, Uniform Code of Military Justice, 10 USC §§ 928 and 921, respectively. For those crimes, together with the invalid disobedience count, this special court-martial imposed a sentence of bad-conduct discharge, forfeiture of $40.00 per month for three months and confinement for that same period, and reduction to the grade of basic airman—punishment well below the jurisdictional maximum limitation for that tribunal. Certainly, in assessing the possibility of prejudice on sentence, we should bear in mind the nature and seriousness of the offenses committed by the accused. United States v Carpenter, 11 USCMA 418, 29 CMR 234. Absent the ceiling on sentencing power of special courts-martial, accused's affirmed convictions would permit imposition of dishonorable discharge, total forfeitures, confinement at hard labor for four years, and reduction. And adding a valid finding of disobedience would but increase the possible term of imprisonment to four and one-half years. Accordingly, when consideration is given to that minor difference in the authorized penalties, the nature and seriousness of the affirmed findings of guilty, and to the relatively light sentence imposed at trial and found appropriate upon review, I discern no possibility that upon reassessment accused will better his punishment. In the light of this record the effect of our action in setting aside his conviction under Article 92 is indeed trifling. United States v Carpenter, supra; United States v Helfrick, 9 USCMA 221, 25 CMR 483; United States v Teitsort, 9 USCMA 322, 26 CMR 102; United States v Holland, 9 USCMA 323, 26 CMR 103; United States v Reams, 9 USCMA 696, 26 CMR 476; United States v Horowitz, 10 USCMA 120, 27 CMR 194; United States v Marymont, 11 USCMA 745, 29 CMR 561; United States v Subia, 12 USCMA 23, 30 CMR 23. See also the principal opinion in United States v McCormick, 12 USCMA 26, 30 CMR 26.

For the above-stated reasons I would end this litigation by affirming the sentence.