**UNITED STATES**

v.

**Senior Airman William S. ALEXANDER, FR 034–48–4793, United States Air Force.**

**ACM S27659.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 7 Oct. 1987.

Decided 23 June 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Captain Laurence M. Soybel and Major Conrad C. Baldwin, Jr., USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Morris A. Tanner, Jr. and Major Kathryn I. Taylor.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

The appellant was found guilty of five specifications alleging that he made and uttered bad checks to airmen and agencies at Osan Air Base, Korea, and one specification of failing to obey an order. He now asserts two errors. One concerns the Staff Judge Advocate's Recommendation. We find no merit in that assertion.

The other assertion of error requires more discussion. It asserts that the specification alleging failure to obey an order is an unreasonable enhancement of the ultimate offense. To assist us in our consideration of that question we specified a related issue:

DOES CHARGE II, BY ALLEGING THAT THE ACCUSED'S FIRST SERGEANT ORDERED HIM "NOT TO WRITE ANY CHECKS", STATE AN OFFENSE UNDER THE UNIFORM CODE OF MILITARY JUSTICE?

■ We now conclude that the specification did not allege an offense, and set aside and dismiss Charge II and its specification.

■ If an order imposes limitations on the personal rights of an individual, it must be connected with the morale, discipline and usefulness of the military service. *United States v. Wilson*, 12 U.S.C.M.A. 165, 30 C.M.R. 165, 166 (1961). In the present case the first sergeant's order was much too broad to be considered valid. It was too broad both in duration and in the words used. *United States v. Wysong*, 9 U.S.C.M.A. 249, 26 C.M.R. 29 (1958). The order had no end to its effect. Surely there is nothing illegal about a servicemember using checks properly once his account has been corrected—or when the account has been in balance for five years. As to the words, merely writing out a check should not have any effect on morale, discipline and usefulness of the military service. It is the negotiation of bad checks that causes these adverse effects. When an order forbids a servicemember from ever writing a check it is too broad and is unenforceable. Accordingly, Charge II and its specification are set aside and dismissed.

■ We must now consider the sentence. Charge I alleged all the bad check incidents. Together the specifications of Charge I concern more than $2600 worth of checks written to two government agen-

cies, one private business, and two airmen. Charge II alleged the enforcing order discussed above. The military judge specifically announced he was not considering any of the charges or specifications to be multiplicious for sentencing. Despite this announcement by the judge, after looking at the nature of the offenses alleged by the two charges, and considering that the judge sentenced the appellant relatively lightly, we are convinced the sentence is appropriate in relation to the affirmed findings of guilty and is no greater than that which would have been imposed if the prejudicial error had not been committed. *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). Accordingly, the findings of guilty, as modified, and the sentence are

AFFIRMED.

Senior Judge FORAY concurs.

Judge MICHALSKI did not participate.