## UNITED STATES

### v.

**Jason C. KOCHAN, 316 58 1982 Aviation Structural Mechanic (Structures) Airman Recruit (E–1), U.S. Navy.**

**NMCM 88 0741.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 11 Dec. 1987.

Decided 30 Sept. 1988.

Lt. Wendell M. Sims, JAGC, USNR, Appellate Defense Counsel.

Capt. Thomas D. Miller, USMC, Appellate Government Counsel.

Before COUGHLIN, STRICKLAND and RUBENS, JJ.

STRICKLAND, Judge:

■ Appellant alleges, and the government concedes, that his plea of guilty to an Article 90, Uniform Code of Military Justice (UCMJ), 10 U.S.C.A. § 890, order violation is improvident because the order given to him by his executive officer not to consume alcoholic beverages while under the age of 21 was unlawful.

The Executive Officer of the Naval Air Station, Barbers Point, Hawaii, issued the order in question following an alcohol related incident of misconduct on the part of appellant. In fact, all of appellant's prior disciplinary problems had been connected to alcohol and related to his status as a member of the U.S. Navy. Appellant now stands convicted of violating the order in question by consuming beer at a private, off-base, party in Waipahu on Oahu, Hawaii, while he was 19 years of age.

The age of majority in Hawaii is 21 [1] and Hawaiian law prohibits minors from pur-

---

* Judge Cassel took final action on this case prior to his transfer from the Court.

1. Hawaii Revised Statutes, Title 16, Intoxicating Liquor, Section 281–1.

chasing liquor or possessing it in public.[2] However, there are no proscriptions against minors consuming liquor in private. By virtue of SECNAVINST 1700.11c of 21 July 1986, the same drinking age limitations applied on board installations under naval jurisdiction.

Where an order is reasonably in furtherance of a service's duty to protect the morale, discipline, and usefulness of its members, it may be enforced although in deprivation of an established right or interest. *United States v. Dykes*, 6 M.J. 744, 748 (N.M.C.M.R.1978). Had the Executive Officer's order to appellant been limited to restricting his drinking aboard naval installations due to his previous disciplinary record, even though contravening appellant's right to consume alcohol in private, it might well have been enforceable. We need not decide that, however, since we find the order in question to be so broad as to restrict appellant's private rights for the 17 months preceding his 21st birthday, wherever he might be, without a demonstrable nexus to military needs. There is no indication that the order was limited in time or place, such as a proscription from drinking alcohol aboard base while in a restriction in lieu of arrest status, *see United States v. Miller*, 16 M.J. 858 (N.M.C.M.R.1983), nor is there an indication of what military needs might be satisfied by this order while appellant was on leave or liberty in the civilian community, particularly while in other than public places. In the absence of circumstances tending to show its connection to military needs, an order prohibiting the use of alcoholic beverages without limitation as to time or place is so broadly restrictive of private rights as to be arbitrary and illegal. *United States v. Wilson*, 12 U.S.C.M.A. 165, 30 C.M.R. 165 (1961). *See* Paragraph 14c(2)(a)(iii), Part IV, Manual for Courts–Martial, United States, 1984 and *United States v. Roach*, 26 M.J. 859 (C.G.C.M.R.1988). As a result we find the order in this case to be illegal. Given the illegality of the order, the accused is innocent as a matter of law and his plea of guilty is improvident. *United States v. Wheeler*, 22 U.S.C.M.A. 149, 46 C.M.R. 149 (1973). *Cf. United States v. Glaze*, 11 M.J. 176 (C.M.A.1981) and *United States v. Lauderdale*, 19 M.J. 582 (N.M. C.M.R.1984).

Accordingly, the findings of guilty are set aside and the Charge and its specification are dismissed. The sentence is set aside and all rights, privileges and property of which the appellant may have been deprived will be restored.

Senior Judge COUGHLIN and Judge RUBENS concur.

---

2. Hawaii Revised Statutes, Title 16, Intoxicating Liquor, Section 281–101.5(b).