UNITED STATES

v.

**Senior Airman William E. STEWART, FR184–46–8132, United States Air Force.**

**ACM S28110.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 29 March 1989.

Decided 7 June 1991.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Mark R. Land.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni, Major Paul H. Blackwell, Jr., and Major Morris D. Davis.

Before HODGSON, RIVES and McLAUTHLIN, Appellate Military Judges.

## OPINION OF THE COURT

HODGSON, Senior Judge:

■■■ Obedience to lawful orders is the keystone to an effective and disciplined military organization. The term "lawful order" is a crucial element of this principle. To be lawful, an order must relate to those activities which are reasonably necessary to safeguard and protect morale, discipline, and usefulness of members of the command and directly connected with the maintenance of good order in the service. An order may not, without such a valid military purpose, interfere with private rights or personal affairs. MCM 1984, Part IV, Para. 14(c)(2)(a)(iii); *See also United States v. Martin*, 5 C.M.R. 102 (C.M.A.1952). An order, of course, is presumed to be lawful, and an accused has the burden of showing the converse. *United States v. Smith*, 21 U.S.C.M.A. 231, 45 C.M.R. 5 (1972).

The appellant argues on appeal, as he did at trial, that the order given him by his squadron section commander not to drink alcoholic beverages until the next Alcoholic Rehabilitation Committee meeting was unlawful, and therefore his conviction for disobeying that order must be set aside.

To properly address this issue, a discussion of the factual setting is needed. After the appellant received nonjudicial punishment for driving while intoxicated, he was screened to see if entry into the alcohol rehabilitation program was appropriate. This evaluation established that he had a high tolerance for alcohol, had experienced alcoholic blackouts, and tended to minimize his involvement with alcohol. On 3 November 1988, the appellant's situation was discussed at the Rehabilitation Committee Meeting (RCM), where he was preliminarily diagnosed as a problem drinker. Based on this report, the appellant's squadron section commander ordered him to abstain from alcohol until the next RCM, which would convene within 10 to 14 days.

On 12 November 1988, the appellant was arrested by the civilian authorities for driving while intoxicated. He was later convicted by special court-martial of disobeying the order not to drink alcoholic beverages until the next RCM, and of drunk driving. He was sentenced to a bad conduct discharge, 75 days confinement, forfeiture of $300.00 pay per month for 2 months, and reduction to airman basic.

■■■ An order to refrain from consuming alcoholic beverages is not patently illegal, and may be legal.[1] *United States v. Wahl*, 4 C.M.R. 767, 771 (A.B.R.1952). To be enforceable, an order not to consume

---

1. Regulations that provide that individuals involved in flight operations of aircraft will not consume alcoholic beverages within a specified period are but one example of a valid order prohibiting the consumption of alcohol.

alcoholic beverages has to have a reasonable connection to a military duty. Good motives, i.e., to stop future offenses involving alcohol, is not enough. *United States v. Roach*, 26 M.J. 859 (C.G.C.M.R.1988), *aff'd*, 29 M.J. 33 (C.M.A.1989); *United States v. Wilson*, 12 U.S.C.M.A. 165, 30 C.M.R. 165 (1961). In his concurring opinion in *Wilson*, Judge Latimer spoke of "paternalism" as an insufficient reason to order a service member not to drink. *Wilson*, 30 C.M.R. at 167.

■ What was the reason for the "no drink" order in the case before us? Apparently, it was used as a diagnostic tool to see if the individual involved was an alcoholic—if he obeys the order he will probably get through the program. If he does not, then he has a "problem," and giving the order can establish how "deep" the problem is. The Chief, Social Work Services testified that the "no drink" order was used "to get a definitive diagnosis," and disobeying the order was the *final step* in identifying the individual as an alcoholic. It essentially operated as a litmus test in the identification of alcoholics. It was undisputed at trial that a "no drink" order should not be given to an alcoholic; however, if there was a question as to whether the patient is an alcoholic, the order should be given.

In the factual setting before us, it appears that the appellant fell victim to a classic Catch–22 situation. Observe: If the appellant had been diagnosed as an alcoholic prior to entry into the rehabilitation program, the "no drink" order would not be given; however, since he was only a "problem drinker" he was given the "no drink" order. But if he disobeyed the order, that meant he was an alcoholic, thus making the "no drink" order inappropriate.

Our brethren on the Coast Guard Court of Military Review addressed a situation very similar to the one before us. In *Roach, supra* they concluded that an order not to consume alcoholic beverages while on liberty was invalid as it had no adequate connection to military duty or a *need justifying its enforcement.* If the purpose of the "no drink" order was to determine if the appellant was an alcoholic and in need of extensive counselling, what is the justification to then punish him for requiring additional help? We acknowledge that in a military community an order not to drink might well provide an extra incentive to overcome a drinking problem, but in the facts before us we find little to warrant enforcement of that order. Therefore, we hold that the use of an order not to consume alcoholic beverages is an invalid and unreasonable method to achieve an otherwise desirable goal, i.e. to address alcoholism and help those suffering from it. Accordingly, the Specification of Charge I and Charge I are set aside and dismissed. *United States v. Wilson, supra; United States v. Wahl, supra; United States v. Roach, supra.*

■ During *voir dire*, two members, First Lieutenant Parkhurst and Senior Master Sergeant Ralls, indicated they had been involved in the Social Actions Rehabilitation Committee meetings, and saw nothing unlawful or improper in issuing an abstinence order. Both stated, however, they would keep an open mind and follow the military judge's instructions as to the lawfulness of the order. The trial judge denied the appellant's challenge for cause as to both individuals—Parkhurst was then peremptorily challenged and Ralls remained on the court.

In *United States v. Sloan*, 30 M.J. 741 (A.F.C.M.R.1990), *pet. denied* 32 M.J. 41 (C.M.A.1990), we discussed at length the standard to be applied in ruling on the trial court's denial of challenges for cause. *See Sloan*, 30 M.J. at 744, 745. There we stated that the crucial issue is not whether this Court would have granted the challenges, but whether the trial judge, who was there, who saw and heard the *voir dire*, clearly abused his discretion by denying the challenges. Here, we hold he did not. Further, since we found the challenged order to be invalid in the factual context of this record and dismissed the specification, there can be no possible prejudice to the appellant. *See generally United States v. Lackey*, 22 C.M.R. 384 (A.B.R.1956).

522

■ In light of our dismissal of the Specification of Charge I and Charge I, we must reassess the sentence for the remaining charge and specification involving drunk driving. We are satisfied that we can fairly determine the sentence that would have been adjudged absent the now-dismissed charge and specification. *United States v. Peoples*, 29 M.J. 426 (C.M.A. 1990); *United States v. Sales*, 22 M.J. 305 (C.M.A.1986). Our reassessment causes us to approve only so much of the approved sentence as provides for a bad conduct discharge. Appellate defense counsel urge that any punishment that includes a punitive discharge is "inappropriately severe." We do not agree as this is the second time the appellant has been punished for drunk driving. The findings of guilty and the sentence, both as modified, are

AFFIRMED.

Judges RIVES and McLAUTHLIN concur.