UNITED STATES, Appellee,

v.

Shanard R. McDANIELS, Private First Class, U.S. Marine Corps, Appellant.

No. 98–0825.
Crim.App. No. 97–0570.

U.S. Court of Appeals for the Armed Forces.

Argued March 4, 1999.

Decided June 9, 1999.

CRAWFORD, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN, GIERKE, and EFFRON, JJ., joined.

For Appellant: *Lieutenant John D. Holden,* JAGC, USNR (argued); *Lieutenant Robert M. Attanasio,* JAGC, USNR.

For Appellee: *Lieutenant James E. Grimes,* JAGC, USNR (argued); *Commander Eugene E. Irvin,* JAGC, USN, and *Colonel Kevin M. Sandkuhler,* USMC (on brief).

Judge CRAWFORD delivered the opinion of the Court.

Contrary to his pleas, appellant was convicted by military judge alone at a special court-martial of failure to repair, willfully disobeying the lawful order of a superior commissioned officer, assault consummated by a battery on a noncommissioned officer, and assault with a dangerous weapon on a noncommissioned officer, in violation of Articles 86, 90, and 128, Uniform Code of Military Justice, 10 USC §§ 886, 890, and 928, respectively. The convening authority approved the sentence of a bad-conduct discharge, 150 days' confinement, partial forfeitures, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion on April 24, 1998. 1998 WL 238586. We granted review of the following issue:

> WHETHER SPECIFICATION 1 OF CHARGE II, WILLFUL DISOBEDIENCE OF A LAWFUL ORDER, FAILS TO STATE AN OFFENSE BECAUSE THE ORDER WAS AN ILLEGAL ONE.

We hold that Major Learn gave a lawful order.

### FACTS

In September 1995, appellant was diagnosed with narcolepsy; that is, he was prone

to "sleep attacks, excessive sleepiness and spells of sleep paralysis." Thus, he was instructed by a neurologist not to handle weapons or explosives, participate in range detail or field duty, operate a government vehicle, or stand watch.

When Major Learn, appellant's commander, was apprised of the diagnosis and prescribed limitations on appellant's activities, he further ordered appellant not to drive his personal vehicle. Major Learn testified that he issued this order to "protect [appellant] as well as the Marines and the civilian populus here around Jacksonville, North Carolina, in the event he did fall asleep behind the wheel." However, after receiving Major Learn's order, appellant was seen driving his private vehicle on base.

Appellant contends that

Major Learn did not limit his order in time or place. In fact, the Major testified that his order included not only Appellant's POV but any POV. (R. at 26.)

Major Learn's order was illegal because it forbade Appellant from driving, without a sufficient connection to a valid military purpose. Major Learn's order was limitless in place and duration. It effectively forbade Appellant from driving any POV anywhere, any time for any reason.

Final Brief at 6. Furthermore, appellant complains that since the medical board did not restrict his use of any POV, "[t]he obvious conclusion is that [his] physician did not believe it was necessary to restrict [his] access to a POV." In addition, appellant asserts, "there is no evidence in the record that [his] driving license had been revoked by the issuing state or any other competent authority."

Congress, based on its authority in Article I, section 8, clause 14, has provided that disobedience of orders is a punishable offense. See Arts. 90, 91, and 92, UCMJ, 10 USC §§ 890, 891, and 892, respectively. As the Supreme Court has stated: "[T]o accomplish its mission the military must foster instinctive obedience, unity, commitment, and esprit de corps." Goldman v. Weinberger, 475 U.S. 503, 507, 106 S.Ct. 1310, 89 L.Ed.2d 478 (1986). There must be a first instinct to obey orders if the military is to function since its "primary business" is "to fight or be ready to fight wars should the occasion arise." Parker v. Levy, 417 U.S. 733, 743, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974), quoting United States ex rel. Toth v. Quarles, 350 U.S. 11, 17, 76 S.Ct. 1, 100 L.Ed. 8 (1955).

■■■ Orders requiring performance of military duties are presumed to be lawful when issued by superiors. Para. 14c(2)(a)(i), Part IV, Manual for Courts–Martial, United States (1995 ed.). However, "[t]he order must relate to [a] military duty, which includes all activities reasonably necessary to accomplish a military mission, or safeguard or promote the morale, discipline, and usefulness of members of a command and directly connected with the maintenance of good order in the service." Para. 14c(2)(a)(iii). Major Learn's order to appellant clearly interfered with appellant's private rights, but it was permissible in view of its valid military purpose. Additionally, the order was properly transmitted and heard. It is unnecessary to determine whether the outer limits of the order are overly broad, because driving on base was a matter well within the scope of military authority, which includes protecting civilians from injury at the hands of military personnel. This is not analogous to an order not to drink liquor or not to speak to members of his command. Cf. United States v. Wilson, 12 USCMA 165, 166–67, 30 CMR 165, 166–67 (1961); United States v. Wysong, 9 USCMA 249, 26 CMR 29 (1958). Thus, we agree with these observations of the Court of Criminal Appeals, 1998 WL 238586:

We can imagine few situations more likely to result in fatal or serious injury, to both the driver and anyone who happens to be in the path of his automobile, than a driver who is subject to falling asleep at any moment. Just as our superior court upheld the "safe sex" orders issued in the case of an HIV-positive servicemember in [United States v.] Womack[, 29 MJ 88 (CMA 1989) ], we have no difficulty finding that, under the circumstances of this case, the order not to drive a POV had a valid military purpose and was neither overly broad nor did it impose an impermissible

burden on his personal rights. *Womack,* 29 MJ at 90–91. The appellant asked the military judge at trial, and this court on appeal, that we speculate that the real reason his commanding officer issued this order was to hassle or punish him. However, the officer's testimony at trial, supported by the documentary evidence, indicated that the reason was to preserve unit readiness and the life and safety of the appellant and others. Record at 25.

Unpub. op. at 3.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

\*     \*     \*     \*     \*     \*     \*     \*     \*

## APPENDIX to 50 MJ 396

### NOTICE: THIS IS AN UNPUBLISHED OPINION.

[UNITED STATES v. MICHALEC, 1999 WL 187374 (4th Cir. Apr. 6, 1999: Before WIDENER and WILKINS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.]

### OPINION

PER CURIAM:

Jon Stephan Michalec pled guilty to possession of videotapes containing child pornography, 18 U.S.C.A. § 2252A(a)(5)(B) (West Supp.1998), and was sentenced to a term of 30 months imprisonment. He challenges his sentence on appeal, arguing that the district court erred in finding that his computer files were "items" within the meaning of U.S. Sentencing Guidelines Manual § 2G2.4(b)(2)(1997), and enhancing his offense level accordingly. We affirm.

Michalec ordered four videotapes of child pornography from a law enforcement agent who advertised the tapes on the Internet. On the same day, Michalec consented to a search of his personal computer. One of his hard drives had 224 files containing visual depictions of children engaged in sexual acts with adults. The files were down-loaded to his computer on seventeen different days over a period of a year.

Michalec objected to the probation officer's recommendation that he receive a two-level enhancement for possession of ten or more videotapes "or other items" containing child pornography under USSG § 2G2.4(b)(2). Relying on *United States v. Lacy*, 119 F.3d 742 (9th Cir.1997), cert. denied, — U.S. —, 118 S.Ct. 1571, 140 L.Ed.2d 804 (1998), Michalec argued that he possessed only five items containing child pornography—the four tapes and his hard drive. In *Lacy*, however, the issue was whether the evidence was sufficient for a conviction under 18 U.S.C.A. § 2252(a)(4)(B) (West Supp.1998), which prohibits possession of three or more books, magazines, periodicals, films, videotapes, or "other matter" containing child pornography. *Lacy* held that "matter" or "matters" meant the computer disks and hard drive, rather than the computer files; it did not consider the meaning of "items" under § 2G2.4(b)(2). For this reason, the district court followed *United States v. Hall*, 142 F.3d 988, 998-99 (7th Cir.1998), which held that "items," as used in USSG § 2G2.4(b)(2), meant individual computer files stored on the computer, and on that basis made the enhancement.

Since the parties' briefs were filed, the Ninth Circuit has followed *Hall*, finding that a computer file containing visual depictions of child pornography, rather than the hard drive, is an "item" within the meaning of USSG § 2G2.4(b)(2). See *United States v. Fellows*, 157 F.3d 1197, 1201 (9th Cir.1998). Moreover, to the extent that *Lacy* provides any guidance in interpreting § 2G2.4(b)(2), it has been called into question by *United States v. Vig*, 167 F.3d 443 (8th Cir.1999), which rejects *Lacy's* interpretation of "matter" under § 2252(a)(4)(B). Consequently, we find that the district court did not err in following *Hall* to conclude that Michalec's individual computer files were "items" within the meaning of USSG § 2G2.4(b)(2).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED