UNITED STATES

v.

Sergeant James C. OLSEN, FR 044–56–9004, United States Air Force.

ACM S27357.

U.S. Air Force Court of Military Review.

Sentence Adjudged 4 Dec. 1986.

Decided 13 May 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Deborah A. Baker.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Lieutenant Colonel Robert E. Giovagnoni.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

**670**

## DECISION

MICHALSKI, Judge:

The primary issue raised before this Court may be stated thus: May an Air Force member be court-martialed for substantially the same act for which he has been tried in a state court without prior authorization by the Secretary of the Air Force in accordance with Air Force Regulation 111–1, Military Justice Guide (1 August 1984), paragraph 2–4.

According to AFR 111–1, para. 2–4, Air Force Prosecution After Trial in State Court:

a. Trial in state court is not a legal bar to a later prosecution in a federal court based on the same act or omission. *Benton v. Maryland,* 395 U.S. 784 [89 S.Ct. 2056, 23 L.Ed.2d 707] (1969). However, such dual prosecutions rarely serve the ends of discipline or justice. Military punitive measures will not be taken when state civil authorities have brought the alleged offender to trial for substantially the same offense, regardless of whether conviction or acquittal has resulted.

b. No member of the Air Force will be brought to trial by court-martial, or punished under Article 15, for substantially the same act or omission for which the member has been tried in a state court. (This limitation does not apply to vacation of proceedings held under MCM, 1984, R.C.M. 1109 and Part V, paragraph 6a(4)). The law of the state will be followed in determining whether jeopardy has attached at any point in the proceeding; however if state law does not conform to the minimum standards provided by *Crist v. Bretz,* 437 U.S. 28 [98 S.Ct. 2156, 57 L.Ed.2d 24] (1978) (jeopardy attaches when the jury is empaneled and sworn), the rule of that case will be followed.

c. Exceptions to this policy may be authorized only by the Secretary of the Air Force. Exceptions will be granted only in the most unusual cases, when the ends of justice and discipline can be met in no other way. Requests for exceptions must be sent, before the trial and with full justification, to HQ USAF/JAJM.

The appellant argues that since the required Secretarial approval was never sought nor granted in his case, his motion to dismiss the charge of wrongful use of cocaine was improperly denied. We agree.

On 4 June 1986 appellant snorted cocaine shortly before he was apprehended by the Tampa police and charged with possession of cocaine. The appellant's unit was notified of this incident and on the following day ordered him to submit to a urinalysis which proved positive for cocaine. On 27 October 1986 appellant entered a plea of *nolo contendere* to the offense of cocaine possession before the Circuit Court of Hillsborough County, Florida. He was placed on probation for a period of four years.

On 3 November 1986 the Air Force charged him with wrongfully using cocaine on 4 June 1986 in violation of Article 112a U.C.M.J., 10 U.S.C. § 912a. His case was referred for trial by special court-martial.

On 4 December 1986, during an Article 39(a) session, appellant's trial defense counsel unsuccessfully moved to dismiss the charge of wrongful use of cocaine by arguing that the appellant had already been tried for substantially the same offense, which arose from the drug abuse incident of 4 June 1986 in Tampa, Florida, and that to court-martial him for the drug use that arose from the Tampa drug offense would violate Air Force policy as stated in AFR 111–1, *supra.*

■ Different elements of proof distinguish the Article 112(a) offenses of wrongful possession and use from one another, thus permitting the argument that since he was tried by Florida for possession of cocaine, the Air Force was not barred by its own policy contained in AFR 111–1 from trying him for the use of cocaine. Given the uncontroverted fact that his court-martial offense was directly linked to the civil offense, this court will not sidestep the obvious with niceties to circumvent Air Force policy that Air Force members will

not be brought to trial by court-martial for substantially the same act for which they have been tried in a state court without prior authorization by the Secretary of the Air Force, an authorization that is granted only in the most unusual cases.

 The Air Force must abide by its own rules and regulations where the underlying purpose of such regulations is the protection of personal liberties or interests. *United States v. Russo,* 1 M.J. 134 (C.M.A 1975). Although we will not speculate as to what decision the Secretary would have made had he been asked for permission to prosecute in this otherwise fairly typical drug abuse case, we find that the failure to comply with the procedure required by AFR 111–1 barred the appellant's court-martial. The findings of guilty and the sentence are set aside. A rehearing may be ordered contingent upon proper compliance with AFR 111–1.

Senior Judge FORAY and Judge MURDOCK concur.