**UNITED STATES**

v.

**Senior Airman Christopher P. LORENC, FR 141–70–3310, United States Air Force.**

**ACM 26553.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 11 Dec. 1987.

Decided 23 June 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Frank J. Spinner.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Morris A. Tanner, Jr., and Captain Marc Van Nuys.

---

7. Neither General Baker nor Major Roberts testified at trial with regard to this matter.

Before FORAY, MICHALSKI and
MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

A military judge sitting as a general court-martial found the appellant guilty of two specifications of wrongfully taking items from the mail, and one specification of failure to go to his appointed place of duty. The appellant entered a conditional plea of guilty to one of the specifications alleging mail theft, and to its associated charge. He pleaded not guilty to the remaining specifications and charge. He now asserts the Air Force was barred from prosecuting the mail theft to which he entered a conditional guilty plea. We disagree.

The appellant was tried and convicted in a Florida court for fraudulent use of credit cards. These credit cards had been obtained through the thefts alleged in Charge I of this court-martial. Citing our decision in *United States v. Olsen*, 24 M.J. 669 (A.F.C.M.R.1987), defense argued at trial, and continues on appeal, that Air Force policy requires authorization of the Secretary of the Air Force before charges such as these can be brought to trial by court-martial. Air Force Regulation 111–1, Military Justice Guide, para. 2–4 (Aug 1984).

*Olsen* was a drug case where the accused was apprehended by civilian police shortly after he snorted cocaine. He was charged and tried in civilian court for possession of cocaine. Later, the Air Force charged him with wrongful use of the cocaine he had snorted. The cocaine use charge was based on a urine sample, submitted by the accused the day after his apprehension by civilian authorities, which tested positive for cocaine. Stating that the court-martial offense was "directly linked" to the civil offense, we held that the provision of A.F.R. 111–1 requiring secretarial authorization applied and set aside the findings and the sentence. The briefs in the present case indicate that some practitioners have read too much into the phrase "directly linked".

Olsen was charged by the Air Force with having used the cocaine which was revealed by urinalysis. He was charged by the civilian authorities with possessing the cocaine he snorted. Those actions are clearly "directly linked".

In the present case the appellant opened mailroom lockboxes on two different days and removed the contents. Envelopes containing Sears credit cards were in each box. Two days after the first theft the appellant went off base to a Sears store and used the card he had found in the first box. During this first visit to Sears the store clerk became suspicious of the appellant and notified security personnel. They videotaped him and notified the local police. Eight days later the police contacted the Air Force Office of Special Investigations because they suspected the appellant was in the military based on his appearance in the videotape. Three days after that, and eleven days after the original theft, the appellant returned to the mailroom and stole another envelope with a Sears credit card. That same day he went off base to the Sears store and was apprehended by the store security guards and civilian police for using a stolen credit card.

Eventually, both a civilian case and a court-martial resulted from his misconduct. The civilian jurisdiction charged him with two counts of fraudulent use of a credit card. About a month after his *nolo contendre* pleas were accepted by the civilian court, court-martial charges were preferred. The essence of the civilian charges was illegal use of credit cards. The essence of the court-martial charges involved in this assertion of error is mail theft. Although deciding whether the reporting requirement of A.F.R. 111–1 applies is not technically a situation involving multiplicity, the most meaningful analysis of the connection, if any, between these offenses is by reference to the rules governing multiplicity for findings.

These offenses occurred at different places, involved different criminal techniques, and took place at different times. The offense in Charge I, Specification 2 (theft) was even committed two days be-

fore the civilian offense involving the same credit card. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *United States v. Baker*, 14 M.J. 361 (C.M.A.1983). In fact, the appellant did not decide what to do with the first card until the day after the theft. Thus, there was no single impulse or insistent flow of events motivating the appellant's criminal behavior throughout both the civilian and the court-martial misconduct. *See United States v. Jobes*, 20 M.J. 506, 509–512 (A.F. C.M.R.), *pet. denied*, 21 M.J. 102 (1985) (case concerns sentencing multiplicity, but has a good discussion of single impulse/insistent flow concept). The offenses also violated different societal norms. The stated intent of punishing mail theft is "to protect the mail system.... The value of the mail matter is not an element." MCM, Part IV, paragraph 93c (1984). Statutes prohibiting credit card fraud are obviously not designed primarily to protect the mail system. *See United States v. Ridgeway*, 19 M.J. 681, 683–686 (A.F.C.M.R.1984), *pet. denied*, 20 M.J. 133 (1985).

The military judge was correct in treating the offenses as sufficiently unrelated to the civilian charges as not to trigger the prior authorization requirements of A.F.R. 111–1. The appellant's other assertion of error is without merit. The findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.