## UNITED STATES

v.

**Sergeant Timothy G. WINE, FR 282–76–5201, United States Air Force.**

### ACM S27981.

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 Nov. 1988.

Decided 11 April 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Mark R. Bell.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Joseph V. Treanor, III.

Before HODGSON, HOLTE and PRATT, Appellate Military Judges.

## DECISION

HOLTE, Judge:

Before a judge alone special court-martial the appellant was tried for one violation of failure to obey a lawful order, one specification of wrongful use of marijuana, and one specification of adultery. Consistent with his pleas he was found guilty of all charges. The military judge found the failure to obey the lawful order and the adultery charges to be multiplicious for sentencing and imposed a sentence extending to a bad conduct discharge, confinement for 3 months, and a reduction to the grade of E-1.

The single issue on appeal is that the order violated was illegal due to vagueness and overbreadth. The salient facts relating to this assigned error are set forth below.

When the appellant and his wife moved into base housing at Seymour Johnson Air Force Base, North Carolina, in June of 1987, they lived across the street from and met Sergeant Dennis McBride and his wife Patsy. The two couples became friends. In September 1987 the appellant and his wife separated. In February of 1988 Sergeant McBride and his wife separated. After these separations the husbands remained living on base.

After the McBrides' separation, which occurred on 10 February 1988, the appellant began seeing Patsy McBride sometime

that same month. This ultimately developed into a romantic intimate relationship causing several domestic disturbances which involved the security police and the two servicemembers' first sergeants. The appellant had been counselled on several occasions to cease his relationship with Patsy McBride, but to no avail. On 9 August 1988 the appellant's first sergeant, in the presence of Sergeant McBride's first sergeant, gave the appellant a verbal order to disassociate himself from Patsy McBride, dependent wife of Sergeant Dennis McBride. On 10 August 1988 this order was reduced to a writing, in pertinent part as follows:

1. On 9 August 88, you were given a verbal order by your First Sergeant (MSgt David E. Fitzmorris) in the presence of MSgt Danny McLemore, acting First Sergeant for the 4 EMS, to disassociate yourself with Patsy McBride, dependent wife of Sgt Dennis McBride.

2. You are not to have any contact with Patsy McBride or allow her to enter, visit, or occupy your quarters at any future time.

This written order was signed by the first sergeant and the appellant acknowledged, in writing, receipt and understanding of the order.

Before us the appellant contends that his seeing Patsy McBride was not the cause of McBride's marriage ending. There is no evidence that the marriage was ended. The evidence only supports the finding that they were separated. He further argues that the order was unreasonable because there was no longer a marital relationship between the McBrides, and because of the separation Patsy McBride was free to do what she wanted. This may or may not be true. However, it is not Patsy McBride's conduct that is before this court, nor is her life style relevant to the issue before us. The McBrides were still husband and wife. The cause of their separation is not addressed. However, the fact that the security police and the first sergeants became involved in several domestic disturbances occurring at on base quarters, involving both of the McBrides and the appellant

would indicate that a relationship of some type remained. Appellant further argues that the order precluded him from marrying Patsy McBride as he intended to do in the near future. It was not the order that precluded this marriage. Rather, such marriage was precluded because neither the appellant or Patsy McBride were divorced from their respective spouses. Lastly, argument is made that the order was open-ended as to time and place, thus being arbitrary and vague. Our reading of the order convinces us otherwise. The order addresses itself to disassociation with Patsy McBride, dependent wife of Sergeant Dennis McBride. To us it is clear from the order that, once Patsy McBride was no longer the dependent wife of Sergeant McBride, the order would have no effect, because the purpose for its issuance no longer existed.

At trial the appellant pleaded guilty to the charge in question. When specifically asked by the military judge if he contested the lawfulness of the order in any way, the appellant answered that he did not. Later, trial defense specifically stated that no legal defense to this charge had been disclosed during his investigation.

We start our analysis of the law with the understanding that orders given by a superior officer and a noncommissioned officer must be presumed to be legal and that the burden is on the appellant to establish illegality. *United States v. Bayhand*, 6 U.S.C.M.A. 792, 21 C.M.R. 84 (1956). *United States v. Ashley*, 48 C.M.R. 102 (A.F.C.M.R.1973). To establish the illegality, the person challenging the order must show that there is no rational connection between the order and proper service objectives and responsibilities. *United States v. Dykes*, 6 M.J. 744 (N.C.M.R.1978). While an order may reasonably limit the exercise of an individual service person's rights, it may not arbitrarily or unreasonably interfere with the private rights or personal affairs of military members. *Dykes* at 747, 748.

As we understand the law relating to lawfulness of orders, a three-part test must be applied. To be lawful, an order

must be: (1) reasonably in furtherance of or connected to military needs (promotes morale, discipline and usefulness of command), (2) specific as to time and place and definite and certain in describing the act or thing to be done or omitted, and (3) not otherwise contrary to established law or regulation.

Because the appellant pleaded guilty to this charge, there is no evidence in the record explaining the reason the order was given. The appellant admitted that his conduct was such as to bring discredit upon the armed forces. He admitted that the domestic disturbances caused by his affair with Patsy McBride could cause a breach of good military discipline, and that his conduct was prejudicial to good order and discipline. We find it ironic that the appellant contends that the direct cause of his involvement with marijuana and the separation of him and his wife was his wife's infidelity with his best friend.

■ In this case the lawfulness of the order was not contested at trial. The appellant had the burden of showing that the order was illegal. *United States v. Smith*, 21 U.S.C.M.A. 231, 45 C.M.R. 5 (1972). He stated that the reason he could not obey the order was because of his love for Patsy McBride. He began seeing Patsy in February 1988. The charged violated order was not given until 10 August 1988. Domestic disturbances in base quarters involved the security police and first sergeants. Counselling of the appellant was to no avail. It is apparent that the situation had reached the point that required the first sergeant's intervention with more than counselling.

In some cases it is necessary that the issue of legality be raised at trial so that the factual and legal basis for the order might be developed on the record. *Smith,* supra. The evidence before us is such that we are obliged to hold that the order was not unlawful as a matter of law. Further, we find the evidence before us to be sufficient to meet the three-part test relating to lawfulness of orders and to make an appellate determination of the legality of the order. Having concluded that the order in issue was not illegal as a matter of law, we

determine that the R.C.M. 910(j) waiver rule is applicable to this issue. We therefore decide the issue before us against the appellant. Accordingly, the findings and sentence are

AFFIRMED.

Chief Judge HODGSON and Judge PRATT concur.