UNITED STATES

v.

**Colonel Michael B. McSHANE, Military Judge, Appellee,**

**Staff Sergeant Leroy Henderson, FR 266–19–9051, Real Party In Interest.**

**COMR No. 89A–03.**

U.S. Air Force Court of Military Review.

24 July 1989.

Appellate Counsel for the Appellee: Colonel Richard F. O'Hair and Captain Mark R. Land.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Joseph V. Treanor, III.

Before Panel Three, FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

FORAY, Senior Judge:

The Government has submitted a timely appeal of the military's judge's decision dismissing the only charge in this case. Article 62(a)(1), UCMJ, 10 U.S.C. § 862(a)(1), authorizes the United States to appeal any order or ruling of the military judge which terminates the proceedings with respect to a charge or a specification or which excludes evidence that is substantial proof of a fact material in the proceeding. However, the Government may not appeal any order or ruling that is, or amounts to, a finding of not guilty with respect to the charge or specification.

A charge of failing to obey a lawful order, in violation of Article 92, UCMJ, 10 U.S.C. § 892, was referred to trial alleging that Staff Sergeant Henderson, having knowledge of a lawful order issued by Colonel Wayne T. Fisher not to drive a motor vehicle on Travis Air Force Base for a period of one year, did, on 21 March 1989, fail to obey the same.[1] Prior to the arraignment, the accused moved before the military judge for a dismissal of the charge. The bases for such relief, as advanced by the accused, were that he never acknowledged receipt of the letter containing the order as required by pertinent directives and "that there was never a lawful order made as set forth in the specification".

■ From the representations made during the argument of both trial and defense counsel and the contents of the letter order[2] of Colonel Fisher, the following factual scenario led to the charge against the accused. On 25 February 1989, the accused had been apprehended by security police personnel for "intoxicated driving". At that time the apprehending officers delivered to SSgt Henderson a "photocopy" of a letter bearing a facsimile signature of Colonel Fisher informing the accused of certain matters and procedures. In addition to informing the accused of the nature of the traffic violation he had committed the letter informed him that, effective within 24 hours, his base driving privileges were "preliminarily" suspended. The letter also advised the accused that, within five days of the date of the letter, he could submit a written request to the deputy base commander for a hearing to seek a vacation of his "preliminarily" suspended driving privileges and that if he did not make such a request within the time allowed his driving privileges would be suspended for one year. The suspension procedures employed in this case were apparently sanctioned by Air Force Regulation 125–14, *Motor Vehicle Traffic Supervision* (July 1988), and the Military Airlift Command and Travis Air Force Base supplements thereto.[3]

Trial defense counsel also represented to the military judge that the security policemen involved in SSgt Henderson's apprehension did not contact the base commander or his deputy at any time prior to the delivery of the letter to the accused in order to inform either of them of what had transpired. According to defense counsel,

---

1. Colonel Fisher was the Commander, 60th Air Base Group, Travis Air Force Base, at the time of the alleged offense.

2. The letter ordering the accused not to drive on the installation was before the military judge as an appellate exhibit.

3. At trial the military judge took judicial notice of "MAC supplement 1" and "Travis Air Force Base supplement 1" to AFR 125–14 "rather than adding these to the record". He, thus, left us to our own resources to determine the content of these supplements. Pursuant to Appendix 22, Mil.R.Evid. 201A, when a military judge sua sponte takes judicial notice of domestic law, a copy of the applicable law should be attached to the record unless it could be reasonably anticipated that it would be easily available to any reviewing authority.

the apprehending security policemen would testify that it was standard procedure not to contact anyone prior to issuing the base commander's "Preliminary Suspension of Base Driving Privileges for DUI" letter to someone apprehended for drunken driving. Trial counsel agreed that in the accused's case neither of the two security policemen contacted Colonel Fisher when the letter was delivered by them to the accused. Neither of the security policemen nor Colonel Fisher was called to testify concerning the matter before the military judge. The only evidence before him was the Colonel Fisher's letter and AFR 125–14 and its previously mentioned supplements. Although the record of trial is silent as to the specific reason for the charge against the accused, we may infer that SSgt Henderson's "preliminarily" suspended base driving privilege ended and a one year suspension of that privilege was invoked and that, thereafter, the accused was apprehended for driving on the installation during the period of suspension.

When ruling on the accused's motion the military judge concluded that there was sufficient proof that he had acknowledged Colonel Fisher's order, but:

> Under the facts that I have before me in this case, the policemen involved were just issuing those presigned letters when they thought it was appropriate to do so. This does not meet the requirements of the regulation that the revocation or suspension be done by the Base Commander or the Deputy Base Commander. I find as a matter of law, that the order in this case was not issued by a person authorized to issue the order. I feel I have no choice but to grant the motion and dismiss the Charge and the specification.

In its appeal the Government contends "the military judge clearly erred as a matter of law in his ruling to dismiss the charge". In sum, its contention is that, in spite of the procedures employed in the issuance of the suspension order letter to the accused, the order was that of a person authorized by regulation to do so. Conversely, in his reply to the Government's appeal the accused contends the military judge was correct in his ruling dismissing

the charge against him as the order which was the subject matter of that charge was not a lawful order of the person alleged to have given it.

■ The real issue here, as we see it, is not whether the military judge was correct as a matter of law in his ruling dismissing the charge, but is whether the military judge was empowered to make that ruling at that stage of the trial proceeding in which it was made.

According to R.C.M. 905(a) a motion "is an application to the military judge for particular relief" and the "substance of a motion, not its form or designation, shall control". In the case before us the motion was presented to the military judge before the accused was arraigned and was designated as a "motion to dismiss the charges". According to R.C.M. 907(a):

> A motion to dismiss is a request to terminate further proceedings as to one or more charges and specifications on grounds *capable of resolution without trial of the general issue of guilt.* (Emphasis added).

The general issue in this case is whether SSgt Henderson, having knowledge of a lawful order issued by Colonel Fisher not to operate a motor vehicle on the installation for a period of one year and having a duty to obey it, failed to obey that order. The elements of this offense are:

1. That a member of the armed forces issued a certain lawful order;

2. That the accused had knowledge of the order;

3. That the accused had a duty to obey the order; and

4. That the accused failed to obey the order.

M.C.M., Part IV, paragraph 16 b(2).

Thus, it appears that the military judge, when ruling on the motion to dismiss, made a ruling which was not capable of resolution without trial on the general issue of guilt. His finding that "as a matter of law, that the order in this case was not issued by a person authorized to issue the order" was tantamount to a finding that the

Government had failed in its proof of the element of the offense "that a member of the armed forces had issued a certain lawful order". M.C.M., Part IV, paragraph 16 b(2)(a). As the accused's motion affected the general issue of guilt it was not properly a matter for the military judge's resolution as a "motion to dismiss" at that stage of the trial. R.C.M. 907(a).

 Since it is the substance of the motion and not the form of its designation that shall control, it could be argued that the substance of the "motion to dismiss" was not an application for a dismissal of the charge but was an application for a finding of not guilty. R.C.M. 905(a). That argument would fail in this case. A motion for a finding of not guilty may be made by an accused or the military judge, sua sponte, after the evidence on either side is closed and before the findings on the general issue of guilt are announced. The basis for this motion would be that the evidence thus presented is insufficient to sustain a conviction of the offense affected. R.C.M. 917(a). Since the accused had requested trial before members, who had not yet been sworn and assembled to hear evidence, and he had not yet entered any plea to the charge, the military judge clearly was not empowered to rule upon his motion if the substance of the motion may be interpreted as an application for a finding of not guilty.[4]

4. That part of Article 62(a), U.C.M.J., which states that the United States may not appeal an order or ruling of the military judge that is, or amounts to, a finding of not guilty to the charge or specification contemplates that the Military judge is otherwise empowered to make such an order or ruling.

In light of the above, we find that the military judge was entirely without power to make any ruling dismissing the charge in this case for the reason advanced by the accused. He was not authorized to rule on the matter in controversy either by statute, settled decisional law, or valid regulation. *See United States v. Mahoney*, 24 M.J. 911 (A.F.C.M.R.1987). Accordingly, the military judge's ruling dismissing the charge against SSgt Henderson was a nullity having no force or effect to terminate the court-martial proceedings. The Government should have been allowed to proceed with the presentation of evidence on the question of the accused's guilt. *United States v. Moser*, 41 C.M.R. 999 (A.F.C.M.R. 1970). See *United States v. Varnell*, 4 M.J. 111 (C.M.A.1977); *United States v. Bohl*, 3 M.J. 385 (C.M.A.1977).

The appeal by the United States is granted. The record of trial is returned to the military judge for further proceedings. R.C.M. 908(c)(3).

Judges MICHALSKI and MURDOCK concur.