## UNITED STATES

### v.

**Lieutenant Colonel Robert N. SPENCER, Military Judge, Appellee,**

**Technical Sergeant Howard J. McGILVREY, FR 533–50–6232, Real Party In Interest.**

**Misc. Dkt. No. 89A–04.**

U.S. Air Force Court of Military Review.

27 Oct. 1989.

Appellate Counsel for the Appellant: Colonel Joe R. Lamport, Captain Morris D. Davis, Captain Leonard R. Rippey and Captain Dennis R. Lockard.

Appellant Counsel for the Appellee: Colonel Richard F. O'Hair and Captain Ronald A. Gregory.

Before Panel Three FORAY, LEONARD and MURDOCK, Appellate Military Judges.

## DECISION

LEONARD, Judge:

The Government has appealed the military judge's ruling dismissing a specification charged under Article 90, UCMJ, 10 U.S.C. § 890 of willful disobedience of the order of a superior commissioned officer. We deny the government's appeal and uphold the military judge's ruling.

The order in question was given to Technical Sergeant McGilvrey by his commander, Lieutenant Colonel Beattie. On 15 June 1989, Colonel Beattie ordered McGilvrey to produce, by 16 June 1989, photocopies or the originals of all his civilian medical care records for the period from June 1988 to the present. At trial, the defense moved for dismissal of the charge on the grounds that no military purpose was reasonably promoted by the order and the order unreasonably interfered with the accused's private rights and personal affairs.[1]

The accused's court-martial for disobeying his commander's order was the culmination of the escalation of a disagreement between the accused and Air Force medical personnel over the proper diagnosis and treatment of his long standing abdominal pain and bowel irregularities. Although at least two entries in the accused's medical records, in 1971 and in 1983, indicated a diagnosis for Crohn's disease[2]; other entries did not identify the reason for his problems. On 21 December 1988, the accused went to the McChord Air Force Base Clinic to obtain prescriptions for Benadryl, Prednisone and Mylanta, medications that he had been prescribed in the past for severe stomach pain. At that time, the accused told the treating physicians that he had also been seeking treatment for his ailments from a civilian health care facility. He was refused the Benadryl and Prednisone because the treating physicians did not believe his medical records contained adequate information to support a diagnosis of Crohn's disease necessary to warrant these drugs. After being refused the drugs, the accused complained to the Wing Inspector General and the Clinic Commander about the quality of medical treatment received. To resolve any disagreement over the accused's diagnosis and to determine if he had Crohn's disease, which may be service disqualifying, the McChord clinic arranged for a complete evaluation at David Grant Medical Center, Travis Air Force Base in April 1989. In preparation for this evaluation, the accused gave the McChord Clinic Patient Affairs Office writ-

---

1. This is a valid ground for a motion to dismiss and is capable of resolution without a trial on the general issue of guilt. R.C.M. 907(a); *United States v. McShane*, 28 M.J. 1036 (A.F.C.M.R. 1989). The basis for the motion is that the order was over-broad and unreasonably interfered with the accused's right to privacy. This is a constitutional attack on the order based on the due process clause of the Fifth Amendment to the United States Constitution and Supreme Court cases such as *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965).

2. Crohn's disease is a regional inflammation of the intestine. *Stedman's Medical Dictionary*, 360, 416 (22nd ed. 1979).

ten releases to use to obtain copies of his civilian treatment records.

The diagnosis from David Grant was peptic ulcer and not Crohn's disease. The accused disagreed with this diagnosis and told the McChord Clinic Commander he would seek his future treatment from his civilian doctor. At this point, the Clinic Commander apparently became concerned that either the accused would be improperly treated or that he could, in fact, have Crohn's disease and may have concealed it to avoid a Medical Evaluation Board. The Clinic Commander informed the accused's commander of his concerns and pointed out that Air Force Regulation 168–4 requires an Air Force member who seeks civilian medical care to provide the Air Force information about the nature of ailment or illness treated, treatment received, and the identity of drugs or medications prescribed. Based on this information, the accused's commander gave him a written and oral order, on 9 May 1989, to turn over all his civilian medical records by 12 May 1989. When the accused failed to produce the records, a court-martial charge for violation of Article 90, UCMJ was preferred on 24 May 1989. Shortly thereafter, the trial counsel, while preparing for trial, discovered the accused had previously provided written releases for his civilian medical care records. For reasons unexplained at trial, the government had not obtained all the records with the releases. The government then withdrew the court-martial charge and made arrangements to send the accused to Wilford Hall Medical Center at Lackland Air Force Base Texas for further diagnosis and treatment. Upon trying to obtain the remaining civilian medical records with the releases, the government found that the accused and his counsel had revoked the releases after the court-martial charge had been preferred. On 15 June 1989, the accused's commander again gave him a written and oral order to bring the complete civilian medical records to the McChord Clinic by 16 June 1989. The accused was sent to Wilford Hall Medical Center on 17 June 1989 and had not complied with the order before he was sent. On 16 June 1989, the accused's commander preferred another charge of willfully disobeying an order. On 2 August 1989, the commander preferred an additional charge of failing to go to the McChord Clinic (to deliver the civilian medical records) on 16 June 1989.

The accused was treated at Wilford Hall Medical Center from 17 June 1989 until 14 July 1989. He took some or all of his civilian medical care records with him and they were referred to in the narrative summary of the treatment he received. Wilford Hall diagnosed Crohn's disease and operated, removing a section of the accused's bowel. Prior to the preferral of the original charge on 24 May 1989, the accused had approved retirement orders for 30 June 1989. These orders were cancelled when the accused was placed on administrative hold for court-martial and on medical hold to resolve his medical situation.

The government maintained at trial and on appeal that the order in question was valid because the Air Force needed the complete civilian medical records to insure the accused's fitness for duty and to properly evaluate his medical condition. Extensive evidence was introduced concerning the medical needs for the records, the chronology of events, the contents of the accused's military and civilian medical records, and the interaction of the accused with the medical personnel involved with his case. After hearing all this evidence, the military judge made lengthy findings of fact. For the purposes of this appeal, those findings will be summarized. The military judge found: The military physicians involved with the accused's case wanted his civilian medical care records primarily to evaluate his medical condition and determine whether he was being properly treated. Those physicians all testified that narrative summaries of the accused's treatment for Crohn's disease would have been adequate and complete medical records of all civilian care were not necessary. The accused had provided written authorizations for the release of his medical records at the two civilian locations where he had received treatment and the

McChord clinic had been successful in obtaining the accused's records from one facility, but had not obtained them from the other. Air Force Regulation 168–4 only required the accused to provide a summary of treatment he received at a civilian facility and not complete copies of all medical records. Military medical needs could have been met with a narrowly drawn order within the parameters of Air Force Regulation 168–4. Based on the findings of fact and the law he cited, the military judge ruled that the order in question was an over-broad interference with the accused's private affairs and therefore unlawful.

The evidence of record clearly supports the military judge's findings of fact and none of the findings are clearly erroneous. Therefore, we are bound by these findings of fact. *United States v. Burris*, 21 M.J. 140 (C.M.A.1985). The issue before us is whether the military judge correctly applied the proper legal standard and the correctness of his ruling as a matter of law. Article 62(b), UCMJ, 10 U.S.C. § 862(b); *United States v. Lewis*, 19 M.J. 869 (A.F.C.M.R.1985).

In determining and applying the law, the military judge properly relied upon *United States v. Young*, 1 M.J. 433 (C.M.A.1976); *United States v. Wilson*, 12 U.S.C.M.A. 165, 30 C.M.R. 165 (1961); *United States v. Wine*, 28 M.J. 688 (A.F.C.M.R.1989); and MCM, Part IV, paragraph 14c(2)(a)(iii).

 The *Wine* case sets forth a three part test to determine the lawfulness of orders. The order must be reasonably in furtherance of or connected to military needs, specific as to time and place and definite and certain in describing the thing or act to be done or omitted, and not otherwise contrary to established law or regulation. *Wine, supra* at 691. An order may not, without a valid military purpose, interfere with private rights or personal affairs. MCM, Part IV, paragraph 14c(2)(a)(iii). An order that is too broadly restrictive of a private right of an individual may be arbi-

trary and illegal. *Wilson, supra*, at 166, 167. Finally, a subordinate commander may not impose restrictions on private affairs which go beyond those promulgated by superior authority. *Young, supra* at 437.

Applying this law, we come to the same conclusion as the military judge. The order in question was broader and more restrictive of private rights and personal affairs than required by military needs and provided for by Air Force regulation. Therefore, the appeal is denied and the record of trial is returned to the convening authority.[3]

---

3. The Additional Charge in this case alleged a failure to go to the McChord Clinic on 16 June 1989. This failure to go resulted when the accused did not bring his complete civilian medical records to the clinic as his commander ordered. Since the commander's order was unlawful, the accused had no duty to obey it. The Additional Charge should be dismissed.