### UNITED STATES

v.

**Lieutenant Colonel Robert N. SPENCER, Military Judge, Appellee.**

**Technical Sergeant Howard J. McGILVREY, FR 533–50–6232, Real Party In Interest.**

**Misc. Dkt. No. 89A–04 (recon).**

U.S. Air Force Court of Military Review.

30 Nov. 1989.

Appellate Counsel for the Appellant: Colonel Joe R. Lamport, Captain Morris D. Davis, Captain Leonard R. Rippey and Captain Dennis R. Lockard.

Appellant Counsel for the Appellee: Colonel Richard F. O'Hair and Captain Ronald A. Gregory.

Before Panel Three FORAY, LEONARD and MURDOCK, Appellate Military Judges.

## DECISION UPON RECONSIDERATION

LEONARD, Judge:

This case is before us again on a Suggestion for Reconsideration submitted by the Government. In our original decision, we denied the Government's Article 62, UCMJ, 10 U.S.C. § 862 appeal of the military judge's dismissal of a specification under Article 90, UCMJ, 10 U.S.C. § 890 of willful disobedience of an order of a superior commissioned officer. *United States v. Spencer*, 29 M.J. 740 (A.F.C.M.R.1989).

The Government's request for reconsideration is limited to the language in footnote 3.

Footnote 3 was directed at the Specification of the Additional Charge, under Article 86, UCMJ, 10 U.S.C. § 986 alleging Technical Sergeant McGilvrey failed to go to the McChord Air Force Base Clinic on 16 June 1989. After the military judge's dismissal of the Article 90 offense, this failure to go was the only remaining offense charged against McGilvrey. Footnote 3 stated:

> 3 The Additional Charge in this case alleged a failure to go to the McChord clinic on 16 June 1989. This failure to go resulted when the accused did not bring his complete civilian medical records to the clinic as his commander ordered. Since the commander's order was unlawful, the accused had no duty to obey it. The Additional Charge should be dismissed.

This footnote was based on our understanding that the accused had been ordered to bring his civilian medical records to the McChord Clinic on 16 June 1989 and his failure to do so was the basis for the Additional Charge. In support of its request for reconsideration, the Government submitted a copy of the order that forms the basis for the failure to go offense. This order, from McGilvrey's commander, required McGilvrey to go to the McChord Clinic by 1630 on 16 June 1989 for the purpose of completing arrangements for travel to Wilford Hall Medical Center on 17 June 1989. This order was not included in the record submitted to us with the original Article 62 appeal.

In view of this additional evidence and the military judge's ruling that the Additional Charge was unaffected by his dismissal of the other offense, we have reconsidered the language of footnote 3 of our original decision and modify it to read as follows:

> 3 It appears that the Additional Charge in this case alleges an independent offense unaffected by the military judge's dismissal of the willful disobedience of-

fense. However, considering the nature of the offense, the extremely acrimonious relationship between the accused and McChord clinic personnel, the final diagnosis and treatment of the accused's disease and all the other facts and circumstances of this case; we believe the interests of justice weigh in favor of dismissing this charge, handling the minor infraction administratively and allowing the accused to retire.

Senior Judge FORAY and Judge MURDOCK concur.