**UNITED STATES**

**v.**

**Sergeant Mundah BAMAYANGAYMAS-SAQUOI, FR191–58–7566, United States Air Force.**

**Misc. Dkt. No. 91A–01.**

U.S. Air Force Court of Military Review.

Special Court–Martial Adjourned 27 Feb. 1991.

Decided 17 June 1991.

Appellate Counsel for the U.S.: Lieutenant Colonel Brenda J. Hollis and Major Ann M. Mittermeyer.

Appellate Counsel for the Appellee: Lieutenant Colonel Jeffrey R. Owens and Captain Richard W. Aldrich.

Before O'BRIEN, PRATT and McLAUTHLIN, Appellate Military Judges.

## OPINION OF THE COURT

McLAUTHLIN, Judge:

The military judge granted trial defense counsel's motion to dismiss the charge and specification in this case and the government has submitted a timely appeal. Article 62, UCMJ, 10 U.S.C. § 862. We grant the government appeal for the reasons set forth below, and return the record of trial.

From the representations made and the appellate exhibits submitted during debate on the motion, the following factual scenario emerges. On 26 November 1990, the accused, Sergeant Bamayangaymassaquoi, was notified of his tasking to deploy for temporary duty (TDY) to Operation Desert Shield for 179 days. At the time, he had 97 days remaining on his enlistment. The next day, the accused asked his commander for a release from the deployment for personal and religious reasons. When the two spoke again on 28 November, the accused's commander reiterated the reasons he should deploy, and the accused restated his reasons for requesting a release. On 29 November 1990, the accused's commander ordered him to prepare for deployment or be court-martialed.

On 3 December 1990, the day of the scheduled deployment, the accused's commander ordered him to report to the squadron for deployment processing. Later that day, the accused and an Air Force chaplain went to the orderly room and informed the commander that the accused would not deploy. When the deployment aircraft the accused was to have boarded departed for Eglin Air Force Base, Florida, the accused was not on the flight. As a result, a charge of missing movement was referred to this special court-martial.

In deliberating upon the defense motion to dismiss, the military judge took judicial notice of Air Force Regulation (AFR) 39–11, "Airman Assignments." The military judge also accepted a letter and an affidavit interpreting AFR 39–11 as it applied to the accused's scheduled deployment. After hearing extensive argument on the motion, the military judge concluded:

> Government agencies, including the military, must abide by their own regulations. In this case, the government failed to comply with the requirements of AFR 39–11, paragraphs 6–7c, d, and Table 6–3. This failure is supported by the affidavits of Major Williams and Mr. Blackstone at Headquarters AFMPC. Therefore, the defense motion to dismiss on the ground that the accused lacked the retainability under AFR 39–11 to be deployed is granted. The charge and specifications are dismissed.

■ We are bound by the military judge's findings of fact in this appeal unless they are clearly erroneous. *United States v. Burris,* 21 M.J. 140 (C.M.A.1985). Further, in an appeal by the government, we are not permitted to find facts in addition or contrary to the facts found by the military judge. Article 62(b), UCMJ; R.C.M. 908(c)(2). Our review is limited to taking action "only with respect to matters of law." *Id.*

■ With these as our parameters, we find first that the military judge erred as a matter of law in his interpretation of AFR 39–11. Our reading of that regulation convinces us that its retainability guidelines for temporary duty are advisory in nature, and that the regulation specifically affords the unit commander the authority and discretion to waive any "nonavailability." Therefore, while none of the trial judge's factual findings regarding the accused's retainability for temporary duty under the guidelines of AFR 39–11 were clearly erroneous, his ultimate conclusion that the accused could not be deployed was wrong as a matter of law.

■ Even if a violation of the deployment regulation occurred, we find that the trial judge misapplied the law when he granted the defense motion to dismiss based on governmental noncompliance with AFR 39–11. Government agencies must abide by their own rules and regulations where the underlying purpose of such regulations is the protection of personal liberties or interests. *United States v. Russo,* 1 M.J. 134 (C.M.A.1975). We have applied this rule, for example, to breaches of AFR 111–1, "Military Justice Guide," after finding that the provisions involved protected interests of Air Force members facing prosecution by courts-martial. *See United*

*States v. Olsen,* 24 M.J. 669 (A.F.C.M.R. 1987) (violation of AFR 111–1 limits on court-martial for the same incident giving rise to state prosecution) *and United States v. Saulter,* 23 M.J. 626 (A.F.C.M.R. 1986) (violation of AFR 111–1 pre-trial agreement restrictions).

Here, however, the regulatory provisions in question merely set forth administrative processing guidance for temporary duty. Unlike AFR 111–1, AFR 39–11 confers no basic rights upon individuals. Therefore, any failure to strictly adhere to AFR 39–11 as it applied to the accused violated none of his fundamental rights, and offered insufficient support for granting his motion to dismiss.

 In keeping with the foregoing conclusions, we find that the military judge lacked the authority to act on this motion before arraignment and prior to presentation of the government's evidence. According to R.C.M. 907(a):

> A motion to dismiss is a request to terminate further proceedings as to one or more charges and specifications *on grounds capable of resolution without trial of the general issue of guilt.* (Emphasis added).

The general issue of guilt here centers on whether the accused missed a required movement of his unit. The elements of the charged offense are:

> 1. That the accused was required in the course of duty to move with a ship, aircraft or unit;
> 2. That the accused knew of the prospective movement of the ship, aircraft or unit;
> 3. That the accused missed the movement of the ship, aircraft or unit; and
> 4. That the accused missed the movement through design or neglect.

M.C.M., Part IV, paragraph 11b.

According to R.C.M. 905(a), a motion "is an application to the military judge for particular relief," and the "substance of a motion, not its form or designation, shall control." Although styled a "Motion to Dismiss" "for failure to state an offense," the defense motion was in reality an attack on the first element of the offense—the question of whether the accused "was re-quired in the course of duty to move" with his unit. In essence, then, it constituted a motion for a finding of not guilty. *See* R.C.M. 917(a).

The defense motion fell short of a legitimate constitutional attack on the validity of the deployment order. *See United States v. Spencer, (McGilvrey,* Real Party in Interest), 29 M.J. 740 (A.F.C.M.R.1989). As explained above, it was not an assault on the government's failure to follow a regulation protecting the accused's personal liberties or interests. Nor did the defense motion contest jurisdiction, or speedy trial, or any other question capable of resolution without a trial on the merits. Instead, the finding that the accused lacked sufficient retainability to deploy was tantamount to a finding that the government had failed to prove an essential element of the offense, a determination incapable of resolution without trial on the general issue of guilt, and inappropriate for settlement prior to pleas and presentation of the government's case. *United States v. McShane,* 28 M.J. 1036 (A.F.C.M.R.1989). Finding the rationale of *McShane* directly applicable and controlling, we conclude here, as we did there, that the military judge was simply not empowered to rule upon such a motion at that stage of the proceedings.

Accordingly, we find that the military judge erred as a matter of law and that his ruling dismissing the charge was without force or effect to terminate the court-martial proceedings. The government should have been allowed to proceed with the presentation of evidence on the question of the accused's guilt. See *United States v. Varnell,* 4 M.J. 111 (C.M.A.1977); *United States v. Bohl,* 3 M.J. 385 (C.M.A.1977).

The government's appeal is granted. The record of trial is returned to the military judge for further proceedings. R.C.M. 908(c)(3).

Chief Judge O'BRIEN and Senior Judge PRATT concur.